[No. 28455. Department One. November 8, 1941.]

ERIC EMANUEL et al., *Appellants,* v. GEORGE WISE et al., *Respondents.*[1]

[1]Reported in 118 P. (2d) 969.

*Elliott & Kells,* for appellants.

*DuPuis & Ferguson,* for respondents.

. Millard, J.—This action was instituted to recover for personal injuries sustained by plaintiff husband and for damage to plaintiffs' truck, resulting from collision of that truck with a truck operated and owned by defendants. Defendants answered, denied negligence on their part, pleaded contributory negligence of plaintiffs as an affirmative defense, and by cross-complaint sought to recover for damage to their truck and for personal injuries to defendant husband. At the conclusion of plaintiffs' case, defendants having waived their cross-complaint and the court having discharged the jury, defendants' motion for nonsuit on the ground of contributory negligence as a matter of law was granted. From judgment of dismissal, their motion for a new trial having been denied, plaintiffs appealed.

It is the position of appellants that contributory negligence is an affirmative defense and it was respondents' burden to establish same. It is also argued that, in our determination of the question whether appellants were guilty of contributory negligence, which, as a matter of law, bars recovery, we must regard as true all competent evidence which is favorable to appellants and must also give to them the benefit of every favorable inference that can reasonably be drawn from such evidence.

■ While the burden is imposed upon the defendant of proving contributory negligence of the plaintiff, the plaintiff's evidence or pleadings may serve the function of showing the plaintiff's contributory negligence. *Hynek v. Seattle,* 7 Wn. (2d) 386, 111 P. (2d) 247.

■ We have consistently held that ordinarily the question whether there has been negligence or con-

tributory negligence is one for the jury; however, if the facts are such that all reasonable men must draw the same conclusion from them, the question of negligence or contributory negligence is then considered as one of law for the court.

In the light of the foregoing rules the evidence (the only evidence in the case is that which was adduced on behalf of appellants), which is summarized as follows, presents a factual situation in which the question of contributory negligence is one of law for the court.

The accident out of which this action arose occurred within the intersection of Dearborn street and Seventh avenue south in the city of Seattle, May 21, 1940, at which time the streets were dry, visibility was good (the sun was shining), and there was no other traffic to obstruct the vision of the parties. The course of Dearborn street, which is an arterial highway sixty feet wide, is east and west. The lanes on each side of the center of the highway are eight and one-half feet wide and are paved with concrete. The outside lanes are paved with black top. The street is intersected at right angles by Seventh avenue south, which is also sixty feet wide. There is no center marker and there are no entrance markers at this intersection. Eric Emanuel, who had operated motor vehicles for more than twenty years in the city of Seattle, was operating appellants' Studebaker truck (which weighed about four tons, and had a load thereon of the weight of approximately two tons) east on Dearborn street at the rate of seven miles an hour on the inside lane, near the center line, with the intention of turning left on Seventh avenue south and proceeding north on that avenue.

George Wise was operating respondents' truck, which weighed about thirty-two hundred pounds, from the east on Dearborn street on the inside lane near the

center line, so that the two cars were proceeding toward each other on the adjoining center lanes. Wise, being on the right, was the favored driver. The maximum legal speed on Dearborn street is twenty-five miles an hour. When Emanuel was about fifty feet west of the west crosswalk line of Seventh avenue south, he observed respondents' truck about seven hundred feet to the east. Emanuel testified, "I noticed him all the time. I couldn't hardly help seeing him." Emanuel could not judge at that time, with any degree of accuracy, the speed of the approaching truck. When appellants' truck, traveling seven miles an hour, entered the intersection thirty-seven and one-half feet from the point at which it would be in the east lane of Seventh avenue south headed north on that avenue, Emanuel (appellants' operator) noticed respondents' truck, which was then two hundred and fifty feet from the east crosswalk of Seventh avenue south, or two hundred and eighty feet from the center of the intersection.

"As I started to make the turn at that point he was about around 250 feet from the east crosswalk on Seventh Avenue."

Emanuel testified that he could not very well judge the speed of the approaching truck because respondents' truck was coming directly toward him, but that he did know that the speed of respondents' truck was excessive and that the truck was traveling at the rate of probably thirty miles an hour. Emanuel further testified that he did not realize until it had passed the east crosswalk about thirty feet east of appellants' truck that respondents' truck was traveling at a speed which it was later ascertained was fifty to sixty miles an hour. When about seventy feet distant, Emanuel testified, respondents' truck turned to the right and appellants' truck was then proceeding straight ahead in

the east lane of Seventh avenue south. Appellants' operator applied his brakes, and while stopped appellants' truck was struck by respondents' vehicle on the right front, just behind the cab.

When appellants' truck, proceeding toward the east, was commencing the turn to the left across the street in front of respondents' truck approaching from the east, it was the duty of appellants' operator to look out for and concede to respondents' truck the right of way. Appellants' operator was not in any wise deceived by the conduct of respondents' operator. The two trucks were approaching a given point within the intersection. Appellants' operator, who had twenty years' experience operating motor vehicles, when thirty-seven and one-half feet from the point at which he would clear the center of the intersection and be in the east lane of Seventh avenue south, was traveling seven miles an hour, or about ten and one-half feet a second. Appellants' operator then saw respondents' truck, which was in the favored position, two hundred and fifty feet east of the east crosswalk, or two hundred and eighty feet from the center of the intersection, approaching at a speed of thirty miles an hour, or about forty-five feet a second. In other words, respondents' truck, appellants' operator judged, was not more than (measured by time) six seconds from the point which both trucks were simultaneously approaching. Appellants' truck was not more than three to four seconds west of that point. That is to say, there was a margin of not more than three to four seconds, of which under his own testimony appellants' operator was aware, in which to clear the intersection before the favored driver arrived at the point where the collision occurred.

Appellants' operator gave no heed to the primary duty resting upon him, as the disfavored driver on the left, of avoiding the accident; a duty which he must

perform with reasonable regard to the maintenance of a fair margin of safety at all times. This he did not do. According to his own testimony he had from two to four seconds to take the right of way within the intersection from the one who was entitled thereto. He raced for it and lost. His negligence is established; it contributed to, and was the proximate cause of, the collision.

The judgment is affirmed.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.