[No. 32691. Department Two. April 15, 1954.]

PAUL M. JAMES *et al., Respondents,* v. GERALD A. ELLIS, *Defendant,* F. E. BAUMGARTNER *et al., Appellants.*[1]

[1]Reported in 269 P. (2d) 573.

*H. Earl Davis*, for appellants.

*Patrick H. Murphy* and *Cashatt & Williams*, for respondents.

WEAVER, J.—By jury verdict, Paul M. James and Minnie James, his wife, recovered judgment against F. E. Baumgartner and Mrs. Baumgartner. The judgment is based upon a claim for injuries, suffered by Mrs. James, resulting from the alleged negligence of defendants' employee, Gerald A. Ellis, in the operation of a motor vehicle.

■■ When considering appellant's assignment of error directed to the trial court's denial of his motion for judgment notwithstanding the verdict of the jury, we are required to view the evidence in the light most favorable to plaintiff. Such motion can be granted only when the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain

the verdict. *Howell v. Benton,* 40 Wn. (2d) 871, 875, 246 P. (2d) 823 (1952), and cases cited.

Under this rule, these are the facts:

At 7:25 a. m., on December 12, 1952, Mrs. James, a pedestrian, looked to her left (north), stepped from the curb into a painted pedestrian crosswalk, and proceeded east to the center of Division street, in Spokane. She looked to her right (south), and saw two cars approaching which "appeared to me to be a block or more away," and continued east across the street. She was struck by the right front fender of an automobile, driven by Gerald Ellis, as it proceeded north on Division street. The point of impact was approximately eight feet east of the center line of the street. Skid marks of thirty-nine feet were measured by a member of the Spokane police department.

It was overcast, and the visibility was poor. It was raining, and the asphalt pavement was wet. The headlights of the automobile were burning, and the windshield wiper was working. Mr. Ellis and three men, all employees of Brandt Brothers Roofing Company, owned by defendant Baumgartner, were in the automobile at the time of the accident.

Mr. Ellis testified that he was looking straight ahead through that portion of the windshield kept clear by the windshield wiper. He did not see Mrs. James until she was directly in front of the car, at which time he applied his brakes. He testified that he was traveling about twenty-five miles an hour.

Mr. Baumgartner testified that the union contract, under which he operated the business, requires that he furnish transportation for the men to the job, when they are working out of town. He said:

"We can use any transportation that we see fit to choose. Sometimes it is a bus, sometimes it is a train. Frequently it is a truck. In town it is a taxi-cab quite frequently."

When an employee uses his own automobile to go to an out-of-town job, the union agreement specifies that the employee be paid ten cents a mile for the use of his car.

. When asked if he had any control over the route that is followed by the man using his own car, Mr. Baumgartner replied:

"We sometimes for certain reasons might indicate a certain route in town. When it is out of town we do not indicate routes."

The roofing company's place of business was on Main avenue, just off of Division street. The four men, including Mr. Novak, the foreman, had reported to the shop for work at 7:00 a. m. They were told that they would work that day, as they had the previous day, on a roofing job in Newport, Washington. Mr. Ellis' car had been used for transportation to Newport, so the tools and work clothes of the men were already in his car. They left the shop by the usual route and proceeded north on Division street, which leads to the main highway to Newport. Their trip was interrupted by the accident.

Mr. Ellis' pay commenced at 7:00 a. m. He was paid for travel time and ten cents per mile for the use of his automobile, as he had been paid on previous occasions.

At the beginning of the trial, plaintiff voluntarily dismissed Mr. Ellis as a party defendant. The jury returned a verdict against Mr. and Mrs. Baumgartner. They appeal from the judgment entered against them. We will refer to Mr. Baumgartner and Mrs. James as though they are the only parties to this action.

■ Appellant waived his challenge to the sufficiency of plaintiff's evidence and his motion for dismissal, made at the close of plaintiff's case, by proceeding with the defense. *Thompson v. Seattle*, 42 Wn. (2d) 53, 58, 253 P. (2d) 625 (1953); *Saffer v. Saffer*, 42 Wn. (2d) 298, 301, 254 P. (2d) 746 (1953). Appellant's first assignment of error is not well taken.

Under appropriate assignments of error, appellant argues that there was a failure to prove primary negligence, on the part of the operator of the automobile, and that respondent was guilty of contributory negligence.

The trial court instructed that the traffic ordinance of the city of Spokane provided:

"Where traffic control signals are not in place or in operation, the operator of a vehicle shall yield the right of way, slowing down or stopping, if need be, to so yield to any pedestrian crossing the roadway within a marked crosswalk or within any unmarked crosswalk of any intersection."

No exception was taken to this instruction. It became the law of the case. *Ralston v. Vessey*, 43 Wn. (2d) 76, 78, 260 P. (2d) 324 (1953).

The evidence is undisputed that Mr. Ellis failed to yield the right of way to respondent, who was a pedestrian within a marked crosswalk. The violation by the driver of an automobile of traffic regulations prescribed by the state or municipality constitutes negligence *per se*. *Ross v. Johnson*, 22 Wn. (2d) 275, 285, 155 P. (2d) 486 (1945), and cases cited.

There is evidence that respondent looked to the north before stepping from the curb into the crosswalk, and that, upon reaching the center of the street, she looked to the south for northbound traffic. Under these circumstances, we cannot say, as a matter of law, that respondent was guilty of contributory negligence. Under proper instructions, it became a question of fact for the jury. *Beireis v. Leslie*, 35 Wn. (2d) 554, 560, 214 P. (2d) 194 (1950), and cases cited.

Appellant contends that there was (1) no proof of an employee-employer relationship at the time of the accident, and (2) that there was a separate contract promulgated by union rules for transportation to and from out-of-town jobs, independent of the contract of employment. As a corollary of these contentions, appellant urges that instruction No. 10 was erroneous.

We cannot agree with appellant that there was no evidence of the existence of an employee-employer relationship at the time of the accident. Mr. Ellis had reported for work at 7:00 a. m. He was being paid for his time when the accident occurred and was under the direction of his foreman. Mr. Ellis was paid for the use of his car on the trip which served only the purpose of the employer.

Instruction No. 10, to which appellant assigns error, is as follows:

"[I.] You are instructed that the negligence of an employee is the negligence of his employer where such employee is attending to his employer's business, by express or implied authorization or direction at the time of an accident. If the purpose of serving the employer's business requires the driving and use of the employee's automobile for transporting the employee driver and other employees to and from their work and as a part of said employee's working day and that said furnished transportation is compensated for by the employer, then the use of said automobile is within the scope of said employment and the employer would be liable for any act of negligence committed by said employee during said employment.

"[II.] The Court instructs you as a matter of law that the contract of employment of Ellis alleged in the complaint has been established by the evidence, and that the work day began on leaving the shop of defendants [appellants] in the morning, and that no question of independent contractor is presented.

"[III.] Therefore, if you find from the preponderance of the evidence in this case that said Ellis was using his automobile during the hours of said employment and in the course thereof, and was using said vehicle with the express or implied authorization of defendants to convey himself and other workmen to and from work, and was being compensated by his said employer for the use thereof, then the use of said vehicle was within the scope of his employment and defendants would be liable for any act of negligence of said Ellis committed during the course of his employment." (Paragraphs numbered by us.)

For the purpose of argument, appellant assumes in his brief that paragraph I of this instruction correctly states the law, as to the liability of the employer for the tort of the employee, and paragraph III correctly sets forth the basis upon which the jury may find appellant liable.

Appellant's objection to paragraph II of the instruction is twofold: (1) that it was error to instruct, as a matter of law, that Mr. Ellis was an employee rather than an independent contractor; and (2) that the paragraph constitutes a comment on the evidence.

When defining the issues, the jury was instructed that plaintiff (respondent) alleged that Mr. Ellis "was then and there employed by and acting under the control of the defendants." It is undisputed that Mr. Ellis was an employee of appellant. Mr. Baumgartner testified that, under the circumstances of the day, it was in accord with the practices of the business for Mr. Ellis to use his automobile on the day in question. He admitted his right to control the designation of method and route of transportation. The right to control is the test of the relationship. *Carlson v. P. F. Collier and Son Corp.*, 190 Wash. 301, 319, 67 P. (2d) 842 (1937).

There is no evidence to support the theory of an independent contract for transportation. As applied to the situation before us, the union contract, to which reference has been made, simply defines the rights of Mr. Ellis, in the event he used his automobile to further his employer's business. The trial court correctly instructed that Mr. Ellis' relation to appellant was not that of an independent contractor but was that of an ordinary employee. *Carmin v. Port of Seattle,* 10 Wn. (2d) 139, 150, 116 P. (2d) 338 (1941).

Nor does this paragraph constitute a comment on the evidence. The constitutional inhibition applies only to facts which are in dispute, and not to those about which there is no dispute, or are admitted. *Case v. Peterson,* 17 Wn. (2d) 523, 531, 136 P. (2d) 192 (1943).

*In Johns v. Hake,* 15 Wn. (2d) 651, 656, 131 P. (2d) 933 (1942), this court said:

"A master and his servant are jointly and severally liable for the negligent acts of the servant in the course of his employment. The act of the servant is the act of the master. One damaged by an act of the servant may sue both the master and the servant, or he may sue either separately."

Respondent had the right to voluntarily dismiss Mr. Ellis, as a party defendant, at the commencement of the trial. The record discloses nothing unusual in this case which made such dismissal prejudicial to appellant. It was not error for the trial court to grant the motion.

 Appellant assigns error to the court's refusal to give five requested instructions. The subject matter of three of the requested instructions is sufficiently covered by other instructions which were given to the jury. Error may not be predicated upon such refusal. *Sevener v. Northwest Tractor & Equip. Corp.*, 41 Wn. (2d) 1, 19, 247 P. (2d) 237 (1952).

 Two of the requested instructions are not applicable to the factual pattern of the case. It would have been error to give them. *Leavitt v. De Young*, 43 Wn. (2d) 701, 707, 263 P. (2d) 592 (1953). The first requested instruction was upon the theory of an independent contract for transportation, which we have already discussed. The second requested instruction was based upon the provisions of the state motor vehicle code (RCW 46.60.250), treating with the right of way of a pedestrian within a crosswalk. The court correctly instructed the jury upon this subject under the traffic code of the city of Spokane.

The judgment is affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.

---

May 28, 1954. Petition for rehearing denied.