[No. 32966. Department Two. March 3, 1955.]

ZELDA WHITE, *Respondent,* v. THE GREYHOUND CORPORATION, *Appellant.*[1]

[1]Reported in 280 P. (2d) 670.

*Paine, Lowe, Coffin, Ennis & Herman,* for appellant.

*Cashatt & Williams,* for respondent.

WEAVER, J.—At the heart of this case, is the question raised by defendant's motion for judgment notwithstanding the verdict of the jury. Did any acts or omissions of the driver of the bus, in which plaintiff was a passenger, constitute negligence which was the proximate cause of plaintiff's injury?

Defendant appeals from a judgment entered against it, after a jury verdict in plaintiff's favor.

Plaintiff sustained personal injuries when a bus, in which she was a passenger, collided with an automobile at the intersection of Bay Shore highway and Mt. View-Alviso road, near Palo Alto, California.

Bay Shore is a fifty-five foot, concrete, four-lane, arterial highway, running north and south. The Mt. View-Alviso road is a two-lane, blacktop highway running in a north-westerly-southeasterly direction, intersecting the Bay Shore highway. The evidence does not disclose the exact angle of intersection, but it appears from several exhibits that the two roads intersect at an angle of approximately forty-five degrees. The speed limit at the intersection is forty-five miles an hour.

The bus was proceeding north towards San Francisco. It was in the *outside* lane of the four-lane highway. Plaintiff was sitting on the left side of the bus, next to the window, in the first seat behind the driver. She testified that the bus was traveling between sixty-five and seventy miles an hour.

The only evidence, in plaintiff's case, regarding the accident between the automobile (which we will hereafter identify as car B) and the bus, is found in her testimony:

"Q And this other automobile that you were in collision with, did you see that before the impact? A Well, just as we were ready to hit it was all. Q In other words, just an instant before you hit it, is that what you mean? A Yes, just the instant before. Q And where was that car when you saw it? A Oh. Q Where was it with relation to the bus when you saw it? A Do you mean how it was turned or what do you mean? Q No, just where was it as you looked from your seat? Where did you see it with reference to the bus—right in front of the bus or a little to one side or other? A Oh, no, it was in front of the bus. I don't know how to tell you. Q Was it directly in front of the bus or off to one side or other? A I would say it was directly in front of the bus. Q Directly in front? A Yes."

She testified that the bus driver applied the brakes simultaneously with the collision. There is no explanation in plaintiff's evidence of how car B, traveling *south* on a four-lane highway, came to be in the outside, *northbound* lane of the highway occupied by the bus.

■ Defendant did not stand upon its motion to dismiss made at the end of plaintiff's case. Thus, the motion was waived, and we cannot consider the assignment of error based upon its denial. *James v. Ellis,* 44 Wn. (2d) 599, 602, 269 P. (2d) 573 (1954), and cases cited.

■ The only evidence of the circumstances immediately preceding the collision was offered by defendant. We are required to view it, and all inferences therefrom, in the light most favorable to plaintiff. *James v. Ellis, supra.*

Mr. Thornquist, the bus driver, testified that an automobile (hereafter identified as car A) was traveling north on the *inside* northbound traffic lane of Bay Shore highway as they approached the intersection. The bus was fifteen to twenty-five feet behind car A, traveling in the *outside*, northbound traffic lane of the highway. He also testified that the bus was traveling about forty-five miles an hour, which statement we are required to disregard since a higher rate of speed has been fixed by plaintiff.

The bus driver first noticed car B when it was thirty or forty feet from the bus. It was in a proper lane of travel—the inside lane going south. There is no evidence of the

speed of car B. He testified that as they approached the intersection, car A slowed down slightly and made a left turn, crossing over into the inside southbound lane in which car B was traveling; that car B "squatted," indicating the application of brakes; that he did not see car B leave the inside southbound lane; that he next saw car B when it was ten to fifteen feet in front of the bus in the outside, northbound lane.

Car B and the bus collided. Photographs show that the brunt of the impact demolished the left front corner of the bus and tore off the bumper. Pictures of car B, taken after the accident, show a large crease, slightly to the right of center of the bumper. Both sides of the car were buckled, and the engine and frame knocked some distance to the left. The occupants were killed.

Car A did not stop. There is no evidence that the identity of its occupants is known.

The bus veered to the right, off the highway, and came to rest several hundred feet away. It was thus that plaintiff suffered her injuries.

Although the statutes of California are pleaded, both counsel agree that the case law of this jurisdiction is applicable. See *Allen v. Saccomanno*, 40 Wn. (2d) 283, 242 P. (2d) 747 (1952).

█ It is well settled that

". . . in order to establish a cause of action, plaintiff must prove that the actions of defendant's bus driver constituted negligence towards her, and that his negligent actions were the legal, or proximate, cause of her injury. Liability does not rest in the negligent act, but upon proof that the act of negligence was the proximate cause of the injury. Negligence is not a positive thing. It is to be found according to the circumstances of each case and must be determined in view of all the facts and conditions attendant at the time and place of the accident. [Citing cases.] However, negligence upon the part of defendant's driver cannot be assumed because of the mere fact that an accident happened. *Sellman v. Hess*, 15 Wn. (2d) 310, 130 P. (2d) 688. It must be established by evidence or by legitimate inference from established facts." *Evans v. Yakima Valley Transp. Co.*, 39 Wn. (2d) 841, 846, 239 P. (2d) 336 (1952).

██ ██ Recently, this court discussed, at some length, the question of proximate cause. *Wilson v. Northern Pac. R. Co.,* 44 Wn. (2d) 122, 265 P. (2d) 815 (1954). It is usually a question for the jury. However, it becomes a question of law when the facts are undisputed and the inferences to be drawn from them are unequivocal and inescapable of reasonable doubt or difference of opinion. It must be established by facts and legitimate inferences therefrom—not by speculation or conjecture.

Plaintiff argues that the negligence of the bus driver, proximately contributing to her injury, was (a) the excessive speed of the bus, and (b) the failure of the driver "to use due care to avoid the collision during the substantial interval of time, when he was aware that a dangerous situation was developing."

██ This court, on several occasions, has held that the speed of an automobile, in excess of that permitted by statute or ordinance, was not the proximate cause of a collision when the automobile of the one charged with excessive speed was where it was entitled to be, and the driver would not have had sufficient time to avoid the collision had he been driving at a lawful speed. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684 (1920); *Clark v. King,* 178 Wash. 421, 425, 34 P. (2d) 1105 (1934); *Hutteball v. Montgomery,* 187 Wash. 516, 60 P. (2d) 679 (1936).

Paraphrasing the language of the *Burlie* case, *supra,* there is not a word of testimony showing, or tending to show, that the speed of the bus had anything to do with the collision. There was no danger, regardless of the speed of the bus, until car B suddenly turned in front of it, at such close proximity that the collision was inevitable. Whether car B turned to avoid car A, or whether it turned to proceed southeasterly on the Mt. View-Alviso road (of which there is no evidence), cannot change this conclusion.

██ We cannot agree with plaintiff's contention that the bus driver was an actor in a "long-developing sequence of events" which preceded the collision. He first saw car B when it was forty feet away in its proper lane of travel.

Accepting plaintiff's testimony that the bus was traveling sixty-five miles per hour (approximately ninety-five feet per second), and assuming that car B was stationary (which it was not), the bus and car B would have been abreast of each other in less than half a second. There is, of course, no evidence of the speed of car B. Had the speed been forty-five miles an hour, as the bus driver testified, the time would still be less than a second.

Giving full weight to the driver's testimony that it was "just a couple of seconds" between the time he discovered car B in *his* lane of traffic and the collision, there still is no evidence, or reasonable inference therefrom, to support a conclusion that the accident could have been avoided by the bus driver.

We are constrained to hold that there is no evidence that negligence of the bus driver was the proximate cause of the accident in which plaintiff was injured.

The motion for judgment notwithstanding the verdict of the jury should have been granted. The judgment is reversed with instructions to dismiss the action.

SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.

---

April 11, 1955. Petition for rehearing denied.