[No. 13-40065-3.    Division Three    October 20, 1969.]

June Pettit Lish, *Appellant,* v. Harold Dickey *et al.,*
*Respondents.*

*John R. Lewis,* for appellant.

*Davis, Arneil, Dorsey & Kight* and *Milburn D. Kight,* for
respondents.

Evans, C. J.—Plaintiff appeals from the summary judg-
ment of dismissal of her claim for personal injuries re-
ceived when she slipped and fell on an icy sidewalk on her
landlord's premises.

The plaintiff June Lish was a tenant in one of several
duplexes located about one-half mile north of Moses Lake,
Washington. The duplexes faced on an unimproved road
and each duplex had a narrow concrete walk extending
from the front of the building to the road. The caretaker
for the defendant landlord lived in a duplex several build-
ings removed from the duplex in which the plaintiff occu-
pied an apartment.

The weather during December, 1964 had been severe,
and there was snow remaining on the ground on January 4,

1965. At approximately 11:45 a.m. on January 4 the plaintiff arrived at the duplex in which she was a tenant, with her niece and a sister-in-law, in the latter's automobile. The weather was sunny and bright and the temperature was 55 to 60 degrees. Plaintiff stepped out of her sister-in-law's car, which had stopped in front of plaintiff's duplex, and started walking toward the caretaker's duplex. Her purpose was to pay her rent. She walked in the lawn area between the street and the duplexes. This area was covered with snow. As she approached the walkway which connected the caretaker's duplex with the unimproved street in front, she stepped over a ridge of snow and ice built up at the sides of and onto the walkway. This was snow thrown to the side when the sidewalk was shoveled. When she stepped over the ridge of snow and ice she placed her right foot on an icy spot, slipped, fell and fractured her right leg.

In her complaint, plaintiff alleged that the defendant was negligent "in not keeping the sidewalk in a clean and dry condition"; defendant denied any negligence and, as an affirmative defense, alleged that the plaintiff was guilty of contributory negligence.

After plaintiff's deposition was taken defendant moved for summary judgment of dismissal. The trial court found there was no genuine issue as to any material fact, and determined, as a matter of law, that the defendant was not negligent and the plaintiff was guilty of contributory negligence.

The purpose of summary judgment is to avoid a useless trial. If a genuine issue as to any material fact exists, a trial is not useless and such a motion should not be granted. The burden is on the moving party to establish the absence of any genuine issue of material fact. *Regan v. Seattle*, 76 Wn.2d 509, 458 P.2d 12 (1969).

We agree with the trial court that there was no genuine issue as to any material fact. In ruling on the motion for summary judgment the trial court had before it the pleadings in the case, the deposition of plaintiff June Lish, the affidavit in support of the motion for summary judgment

and the controverting affidavit of June Lish. The plaintiff testified in her deposition as follows:

Q. All right, now, as you went over there toward the manager's, or Mr. House's apartment, were there snowy conditions all the way up there?
A. Yes, there was.
Q. I assume you were watching ahead as you were walking along, is that correct?
A. Yes.

Plaintiff testified as to how the accident occurred, as follows:

Q. And what happened?
A. Well, as I got to the sidewalk there was a ridge of snow, and ice built up at the sides where they had previously cleaned it at some time or other.
Q. Did you see that?
A. Yes, I did.
Q. As you approached there?
A. Yes.
Q. All right, then what happened?
A. Well, I stepped over onto the walk and I just got my right foot onto the pavement, or the sidewalk, when my foot went out from under me.

As to the condition of the sidewalk, she testified as follows:

Q. What was the condition of the sidewalk?
A. The sidewalk was icy and it had little crusts of ice.
Q. Could you see that as you approached the sidewalk?
A. Well, as much as anybody would when they are walking, I mean just common observation.
Q. Were you able to see this as you came up to it, though?
A. Well, it pretty well blends in with the sidewalk, ice on the sidewalk.
Q. Were you aware that there was ice on the sidewalk as you stepped over?
A. Naturally there was ice on the sidewalk.
Q. What do you mean, naturally there was ice on the sidewalk?
A. Well the condition of the area was icy all over; but this sidewalk had not been cleaned for at least a day, at least.

Q. Had it snowed in the meantime?
A. No, not to my knowledge.

Plaintiff then testified:

Q. And you could see that the sidewalk was icy?
A. Right.
Q. As you put your right foot over the snow along the side of the sidewalk when you slipped?
A. Right.

In her affidavit controverting the affidavit of defendant in support of his motion for summary judgment, plaintiff asserted that she was using "every bit of care that she could possibly use" to avoid slipping and falling, and that the manager's sidewalk had been cleared of snow and had a glare of ice on it.

■ Ordinarily the question of negligence or contributory negligence is one for the jury; however, if the facts are such that all reasonable men must draw the same conclusion therefrom, the question of negligence or contributory negligence is then considered one of law for the court. *Emanuel v. Wise,* 11 Wn.2d 198, 118 P.2d 969 (1941).

The uncontroverted facts establish the following: The course which plaintiff took to reach the manager's apartment was of her own choosing and required her to step over the pile of ice and snow and onto the glare of ice which she testified covered the sidewalk. The icy condition was open and obvious and she admits that she was aware of that condition. Either she knew or, in the exercise of reasonable care, should have known the risk and danger involved in stepping over the pile of snow onto the icy surface of the sidewalk. Furthermore, there was a reasonable alternative. She could have alighted from the car in front of the manager's apartment and approached it on the sidewalk without the necessity of stepping over the ridge of snow and ice; or, she could have "hand-delivered" her rent payable to the manager, as she testified was her practice. She testified that the manager was, at the time of her fall, working on his car in front of his apartment. We hold that this voluntary exposure to the obvious risk and danger

involved was unreasonable. In other words, it was a risk to which a reasonable person in plaintiff's position would not expose herself. See *Detrick v. Garretson Packing Co.,* 73 Wn.2d 804, 440 P.2d 834 (1968).

We agree with the trial court that plaintiff's conduct amounted to contributory negligence as a matter of law.

Since our decision on this point effectively disposes of the case, it is unnecessary to consider plaintiff's remaining contentions.

Judgment is affirmed.

GREEN and MUNSON, JJ., concur.