[No. 7-39993-3.   Division Three.   January 9, 1970.]

WILFRED KILDE et al., *Appellants,* v. WILLIAM SORWAK *et al., Respondents.*

*Alan A. McDonald* (of *Halverson, Applegate & McDonald*), for appellants.

*Norman R. Nashem, Jr.* (of *Nashem, Prediletto & Fortier*), for respondents.

GREEN, J.—Plaintiffs, having received a verdict awarding damages for personal injuries, appeal from an order granting defendants' motion for a new trial.

Plaintiffs brought this action for injuries received at an intersection when defendant, the disfavored driver, traveling in the opposite direction on the same highway, turned left in front of them and collided with their oncoming car. The accident occurred about 10 a.m. on September 8, 1964, at the uncontrolled intersection of F Street and First Avenue in Quincy, Washington. F Street, a main street, is four lanes and runs in a general east-west direction. At the time of the accident, the weather was clear and sunny; the roads

were straight and level; the pavement was dry; and the speed limit was 25 miles per hour.

Plaintiffs, Wilfred Kilde and his wife, Alice, were traveling east on F Street in the lane closest to the center line. Mr. Kilde was driving their Volkswagen; Mrs. Kilde was in the passenger seat. Although Mr. Kilde did not observe his speedometer at the precise time of the accident, he testified he was traveling about 25 miles per hour. When he was approximately 70 feet from the intersection, Mr. Kilde first saw defendant's vehicle but did not see any left-turn signal. He testified:

> Well, I was just driving along and all at once I seen it coming into my line of travel. . . . I did about the only thing I could do, put on the brakes and hope that I'd get stopped before we collided.

Plaintiffs' car left skid marks averaging 53 feet in length.

Defendant, William Sorwak, then age 74, was employed by codefendants, Mr. and Mrs. Trunnell, as a farm laborer. Mr. Sorwak testified as follows: he was driving Trunnell's pickup truck west on F Street, at approximately 15 or 20 miles per hour, intending to turn left onto First Avenue; he first saw plaintiffs' oncoming car when he was 15-20 feet from the intersection and when plaintiff was one-half block or 150 feet from the center of the intersection and then judged its speed to be 35 miles per hour; again, about 15 feet from the point of impact, defendant noticed plaintiffs who, as far as he could tell, made no attempt to slow down and were still traveling 35 miles per hour; he used an arm signal and made his turn from the lane closest to the center line. (Contrary to Mr. Sorwak, both investigating officers testified that at the scene of the accident defendant stated he turned from the outside curb lane.)

Defendant turned left directly in front of plaintiffs' oncoming car. The pickup truck collided with the Volkswagen, in the center of the intersection, in plaintiff's eastbound lane of travel.

At the close of all the evidence, the court granted plain-

tiffs' motion for a directed verdict as to liability, leaving only damages for the jury's determination.

Following an award of $46,210 to plaintiffs, defense counsel moved for a new trial asserting the trial court erred (1) in failing to submit the issue of plaintiffs' contributory negligence to the jury, and (2) in refusing to grant a motion for mistrial because of improper argument. The trial judge determined he erred in both respects and granted defendants' motion for a new trial.

> [A]n order granting or denying a new trial is not to be reversed, except for an abuse of discretion. *Huntington v. Clallam Grain Co.,* 175 Wash. 310, 27 P. (2d) 583. This principle is subject to the limitation that, to the extent that such an order is predicated upon rulings as to the law, . . . no element of discretion is involved.

*Detrick v. Garretson Packing Co.,* 73 Wn.2d 804, 812, 440 P.2d 834 (1968).

■ First, plaintiffs contend the trial court erred in granting a new trial for failing to submit the issue of plaintiffs' contributory negligence to the jury. No discretion is involved in determining whether there is sufficient evidence as a matter of law to submit the issue of contributory negligence to a jury. *Detrick v. Garretson Packing Co., supra.*

■ Defendant's contention that plaintiff was contributorially negligent rests primarily upon (1) Mr. Sorwak's 35-mile-per-hour estimate, and (2) an investigating officer's testimony that according to skid charts plaintiffs were traveling 27 miles per hour. (Defendants in their brief claim the skid charts actually show 33 miles per hour.) Our Supreme Court has held:

> Even though plaintiff violated the statute and was thereby guilty of negligence per se, such does not bar plaintiff's recovery or warrant submitting such violation to the jury, unless there be substantial evidence, as distinguished from a mere scintilla, that the violation *proximately* contributed to causing the accident.

(Italics ours.) *Ward v. Zeugner,* 64 Wn.2d 570, 574, 392 P.2d 811 (1964).

Was there substantial as distinguished from a mere scintilla of evidence that plaintiffs' speed, if excessive, was a proximate cause of the collision?

■ A disfavored driver on the left (defendant) has the heavy burden (*Delsman v. Bertotti,* 200 Wash. 380, 93 P.2d 371 (1939)) and primary duty to avoid an accident by looking out for and yielding the right-of-way to oncoming traffic and at all times must perform this duty with a reasonable regard to the maintenance of a fair margin of safety. *Emanuel v. Wise,* 11 Wn.2d 198, 202, 118 P.2d 969 (1941). The favored driver on the right (plaintiff) has a right to assume the disfavored driver will yield the right-of-way and is not required to anticipate the disfavored driver's negligent conduct. When it becomes apparent the disfavored driver is not going to yield, he is allotted a reasonable reaction time in the exercise of due care to act before he can be charged with contributory negligence. *West Coast Transp. Co. v. Landin,* 187 Wash. 556, 60 P.2d 704 (1936); *Golub v. Mantopoli,* 65 Wn.2d 361, 397 P.2d 433 (1965) and cases cited therein.

■ In *White v. Greyhound Corp.,* 46 Wn.2d 260, 264, 280 P.2d 670 (1955), our Supreme Court set the standard for barring a plaintiff's recovery due to his contributory negligence:

> This court, on several occasions, has held that the speed of an automobile, in excess of that permitted by statute or ordinance, was not the proximate cause of a collision when the automobile of the one charged with excessive speed was where it was entitled to be, and the driver would not have had sufficient time to avoid the collision had he been driving at a lawful speed. (Citing cases.)

Defendant testified he was 15-20 feet from the intersection traveling 15-20 miles per hour when he first saw plaintiffs' Volkswagen. At that time, he estimated that plaintiff was 150 feet from the intersection traveling 35 miles per hour in the oncoming inside lane of traffic. He further testified when he was 15 feet from the point of impact he again observed plaintiff who, he claims, was then also 15

feet from impact and his speed was still estimated at 35 miles per hour. Plaintiff testified he was traveling 25 miles per hour and was about 70 feet from the intersection when he first saw the defendant. Notwithstanding these facts defendant, believing he had a fair margin of safety, claims he made a hand signal and then turned left in front of plaintiff. Plaintiff testified he immediately applied his brakes but was unable to avoid the collision.

Allowing defendants every favorable inference from the evidence, it becomes clear that defendant Sorwak was engaged in split-second timing. Using the farthest estimated distance (150 feet) and the slowest estimated speed (25 miles per hour), plaintiffs, when first observed by defendant, were 4 seconds from the point of impact. (Twenty-five miles per hour or 37½ feet per second x 4 seconds equals 150 feet.) The reaction time allowed to plaintiff would be substantially under 4 seconds (about 2 seconds) because plaintiff was approximately 70 feet from the intersection when defendant began his left turn. Because both vehicles were moving toward each other, distance between them was rapidly decreasing. When plaintiff was 70 feet from the intersection, defendant was still either in the inside lane or the curb lane and had just started his turn. Until he began the left turn, plaintiff had no reason to suspect defendant would not yield the right-of-way. As a reasonable man, plaintiff could not have anticipated or foreseen any potential risk or danger in continuing his line of travel. Defendant, without a reasonable regard for a fair margin of safety, continued his turn. Both vehicles would have passed without incident if defendant had not taken the right-of-way in such close proximity to plaintiffs' car as to make a collision inevitable.

Defendant's negligence is admitted. He does not assert deception; he judged plaintiffs' speed and distance; he took the right-of-way. His negligence caused the collision; he would now have this court engage in split-second computation to bar plaintiffs' claim. This we cannot do.

We know that the right-of-way granted to the driver on the right is a strong one and ought not to be lost in

the maze of details arising from split-second computation of time and distance.

*Mondor v. Rhoades,* 63 Wn.2d 159, 167, 385 P.2d 722 (1963).

■ Contributory negligence being an affirmative defense, the burden is upon the defendant to present substantial evidence of the fact that plaintiff had a reasonable time after discovery of defendant's negligence to react and avoid the accident. In *Clark v. King,* 178 Wash. 421, 34 P.2d 1105 (1934), our Supreme Court held that when an oncoming driver had a reaction time of 4 1/6 seconds from the point of impact, such was insufficient and speed, as a matter of law, was not the proximate cause of the accident. *Cf. Emanuel v. Wise, supra.* If plaintiffs' speed is increased as defendants would have it, the margin of safety is reduced, thereby decreasing even further any possibility of plaintiffs' speed being a proximate cause of the collision. To the extent that defendant's argument decreases the possibility of plaintiffs' alleged excessive speed being a proximate cause of the collision, it is self-defeating. Defendants failed to sustain their initial burden of proof.

There is no evidence tending to show that plaintiffs' negligence, if any, was a proximate cause of the collision. Reasonable minds would agree that plaintiffs' speed was not a proximate cause of the accident; the issue of plaintiffs' contributory negligence should not be submitted to the jury. The conclusion of law giving rise to the order granting a new trial on the first ground was erroneous.

■ Secondly, plaintiffs contend the trial court erred in granting a new trial because of improper argument.

A *new trial should not be granted* because of misconduct of counsel *unless there has been a request* to the trial judge *to give the jury a corrective instruction,* except where the misconduct was so flagrant that no instruction would cure it.

(Italics ours.) *McUne v. Fuqua,* 42 Wn.2d 65, 78, 253 P.2d 632 (1953). There was no request for a corrective instruction. Therefore, the question is whether the claimed mis-

conduct of counsel is so flagrant that no instruction would cure it.

After the jury retired, defense counsel moved for a mistrial, claiming the following remarks of plaintiffs' counsel were improper:

I think this is improper argument too, and you decided the other thing, "You suggested a fantastic amount of money," because these kids are poor people. They don't have as much as Mr. Nashem and his clients. I never understood there to be that kind of a standard in a court room; I didn't understand there was one set of rules for the rich and one set of rules for the wealthy and another set of rules for people who just happen to be ordinary people.

The trial judge immediately denied the motion. Plaintiffs' counsel argues that his remarks were invited by the following remarks of defense counsel:

[Neither] is the purpose of damages to reward the plaintiff or *to enrich them beyond any hope they would ever have of being enriched had not this occurred,* and that is what Mr. McDonald, in effect, is asking you for. *People of these modest circumstances*—they are fine young people, sure—*just out of savings, would they ever have accumulated anywheres near $67,000?* No.

(Italics ours.) It is our view that plaintiffs' counsel is correct. One argument invited the other and offset each other. While we do not approve or condone them as proper argument, the record fails to show that either rises to "misconduct . . . so flagrant that no instruction would cure it." The trial judge was correct when he initially denied the motion for mistrial. To have reversed this initial decision was a manifest abuse of discretion.

Judgment is reversed, with instructions to enter judgment on the verdict.

EVANS, C. J., and MUNSON, J., concur.

---

Petition for rehearing denied February 20, 1970.