[No. 38450.     Department Two.     August 24, 1967.]

NANCY MEADOWS, *as Administratrix, Appellant,* v. GRANT'S
AUTO BROKERS, INC., *et al., Respondents,* TYLER N.
WILLIAMSON *et al., Defendants.**

*Reported in 431 P.2d 216.

*Clinton, Moats, Andersen & Fleck,* by *James A. Andersen,* for appellant.

*Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* for respondents.

HAMILTON, J.—Plaintiff, in her administrative and individual capacities, appeals from an order granting summary judgment dismissing her claim for relief as against defendant corporations, hereinafter referred to as respondents.

Plaintiff's claim, an action for wrongful death, stems from an automobile accident which, she alleges, was due to the negligence of defendant Tyler Williamson. She further alleges that at the time of the accident Tyler Williamson was the servant, employee, or agent of respondents and was acting within the scope of such relationship. Furthermore, plaintiff alleges that respondents were negligent in employing an incompetent driver. The sole issue contested by the motion for summary judgment, and the respondents' affidavits in support thereof, was whether, at the time of the accident, there existed any relationship between Tyler Williamson and respondents from which vicarious liability could flow. Counter affidavits of plaintiff's counsel were likewise primarily directed to this lone issue.

On appeal, plaintiff contends the counter affidavits executed by her counsel demonstrate the existence of a genuine issue of fact as to the nature and extent of the pertinent relationship. In response, the main thrust of respondents' brief and argument in support of the judgment of dismissal is aimed at the form, evidentiary competency, and/or legal sufficiency of plaintiff's counter affidavits.

Two questions thus appear: One, whether plaintiff's counter affidavits comply with the pertinent provisions of Rule of Pleading, Practice and Procedure 56, RCW vol. 0;

and, two, if the affidavits do comply and may be considered, whether such affidavits successfully counter respondents' showing.

Briefly, and by way of background to a consideration of the questions posed, it appears to be uncontested under the issues raised by the instant motion for summary judgment that the respondent corporations constitute an integrated enterprise which, in part at least, deals with the purchase, repair, and resale of used cars. This enterprise, at the time here involved, purchased used cars from various sources, both within and without the state, and funneled them into respondent Arnold's Auto Wrecking and Repairing where they would be reconditioned and delivered to the different lots operated by the companion corporations for resale. The task of delivering the cars to the various lots was accomplished after normal working hours by a regular mechanic employed at the repair shop, with the date, destination, and number of cars to be delivered being designated by the manager, Arnold Timm. The mechanic, Douglas Williamson, a brother-in-law of Tyler Williamson, was paid a certain rate for each car he delivered. Because he sometimes needed another driver, when more than one car was involved, and always needed return transportation after completing delivery, he would on occasion invite the assistance of members of his family or friends. Whether on the date and at the time of the accident here concerned, Tyler Williamson had been engaged and was on his way in his own car to assist Douglas Williamson with a delivery is the core of the issue about which respondents' and plaintiff's summary judgment affidavits revolve.

Respondents presented the affidavits of their accountant, W. H. Phillip, the manager of the repair shop, Arnold Timm, the mechanic, Douglas Williamson, and the defendant Tyler Williamson. In substance, these affidavits asserted that Tyler Williamson had never been an employee of any of the respondent corporations or ever engaged in any manner by Douglas Williamson in the car delivery operation, and, particularly, that no car deliveries had been scheduled or made on the date of the accident, and that Tyler Wil-

liamson was on his way home from a social evening at the time of the accident. Further, an affidavit of respondents' attorney averred that the above-mentioned affiants represented the only witnesses with testimonial knowledge bearing directly upon the pertinent issue.

In response plaintiff submitted two counter affidavits, each executed by her attorney.

In the first affidavit plaintiff's counsel asserted that prior to initiating suit he had interviewed Tyler Williamson and with the aid of a qualified reporter had taken an unsworn question and answer statement from him. Interspersing excerpts from a transcript of the interview with editorial comment, counsel, in essence, averred that Tyler Williamson had stated that at the time in question Douglas Williamson, his brother-in-law, occupied a supervisory capacity in the repair shop during the absence of the manager; that on several occasions preceding the date of the accident Douglas Williamson had with the knowledge of the manager engaged him to assist in the delivery of automobiles from the repair shop to the sales lots; that on one of these occasions his own car was used as the return vehicle; that the consideration for his assistance was free repair work upon his personal automobile in the repair shop; that on the evening of the accident Douglas Williamson had requested his assistance in delivering some automobiles and told him to stand by; that he waited for a period of time and then contemplating that his car might be needed in the operation that night proceeded with his car toward the repair shop; and that while enroute, and but two blocks from the repair shop, the accident occurred.

By his second affidavit, plaintiff's counsel averred that after initiation of suit he had taken a pretrial discovery deposition of the repair shop manager, Arnold Timm. He then asserted, with references to page numbers of the deposition, that Arnold Timm, after explaining the operating methods of the respondent corporations, had stated, in substance, that Douglas Williamson was, during the time period involved, employed at the repair shop as a mechanic and did, after working hours, deliver reconditioned automobiles

to the various sales lots for a fee; that he knew Douglas Williamson obtained assistance in the delivery operation from his family, relatives, and friends; that he knew Tyler Williamson although he could not say whether Tyler had ever assisted Douglas Williamson in transporting vehicles; that he designated when, where, and which cars were to be delivered; and that he instructed Douglas Williamson as to the quality and kind of drivers he could utilize and the manner in which the automobiles were to be operated.

■ Neither the transcript of the interview with Tyler Williamson nor the pretrial deposition of Arnold Timm were attached to counsel's affidavits nor do they, in anywise, appear in the record before us. Likewise, neither is mentioned in the trial court's judgment of dismissal, nor in its certification of the statement of facts. We must therefore assume such documents were not furnished to or before the trial court when the motion for summary judgment was considered. *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 370 P.2d 867 (1962).

Respondents in attacking the legal competency, sufficiency, and form of plaintiff's affidavits point to Rule of Pleading, Practice and Procedure 56(e), RCW vol. 0, relating to summary judgments, which provides:

(e) *Form of Affidavits; Further Testimony.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

■ It is at once apparent from the rule that affidavits submitted in a summary judgment proceeding must (1) be made on personal knowledge, (2) set forth admissible evidentiary facts, (3) affirmatively show that the affiant is competent to testify as to his or her averments, and (4) have appended or served therewith sworn or certified copies of all papers or parts thereof referred to

in the body of the affidavit. The rule further authorizes the court to permit supplementation of or opposition to affidavits by way of depositions or further affidavits.

One of the reasons for the requirements of the rule is that an affidavit—not being subject to cross-examination—is a poor substitute for a live witness—whose tone or inflection of voice, movement of head, hand or eye, and general conduct or demeanor are discernible and sometimes determinative—coupled with the proposition that the summary judgment procedure was not designed to deprive a litigant of a trial on disputed issues of fact. Thus it is that affidavits submitted should comply with the requirements of the rule and conform, as nearly as possible, to what the affiant would be permitted to testify to in court. Although the rule, in this respect, makes no distinction between affidavits of the moving and nonmoving party it is almost the universal practice—because of the drastic potentials of the motion—to scrutinize with care and particularity the affidavits of the moving party while indulging in some leniency with respect to the affidavits presented by the opposing party. 6 J. Moore, Federal Practice ¶56.22(1), at 2819-20 (2d ed. 1966); 3 W. Barron & A. Holtzoff, Federal Practice & Procedure § 1237, at 171 (1958). In this latter respect, it should be added, however, that the leniency spoken of does not permit of overtrading upon the indulgence of the court, for it is still necessary for the nonmovant to satisfy the court that there exists a genuine issue of material fact to be tried, particularly in the face of a strong showing to the contrary. *Reed v. Streib*, 65 Wn.2d 700, 399 P.2d 338 (1965).

Against this background, it is respondents' principal contention that the affidavits of plaintiff's attorney are composed of reiterations of unsworn and/or uncertified hearsay statements concerning which he could not, either with propriety or in conformity with rules of evidence, testify to at the time of trial. Furthermore, respondents assert that the purported statements of Tyler Williamson, as related by plaintiff's counsel, would be inadmissible against them for

the purpose of establishing an agency or other similar status.

For the purposes of a summary judgment proceeding, however, we cannot entirely agree with respondents.

■ We have held, as do many courts, that an attorney's verification of pleadings in such a proceeding when based upon hearsay or upon information and belief is insufficient to render such pleadings available for consideration under RPPP 56(e). *Carlson v. Milbrad,* 68 Wn.2d 847, 415 P.2d 1020 (1966); *Peninsula Truck Lines, Inc. v. Tooker,* 63 Wn. 2d 724, 388 P.2d 958 (1964); *Stringfellow v. Stringfellow,* 53 Wn.2d 639, 335 P.2d 825 (1959). The same approach is, and should be, applied to an attorney's affidavit based upon information short of testimonial knowledge. 6 J. Moore, Federal Practice ¶ 56.22(1), at 2810 (2d ed. 1966); 3 W. Barron & A. Holtzoff, Federal Practice & Procedure § 1237, at 166, 167 (1958). This is not to say, however, that an attorney is disqualified from making an affidavit based upon his personal knowledge of the facts set forth. Unwise or impractical though it otherwise might be for an attorney of record in a case to make an affidavit in support of his client's cause in a summary judgment proceeding, such an affidavit is entitled to the same consideration as that of any other affidavit based upon testimonial knowledge. *Corley v. Life & Cas. Ins. Co. of Tenn.,* 296 F.2d 449 (D.C. Cir. 1961).

In the instant case, plaintiff's counsel averred he was present and heard the statements he asserts were made by Tyler Williamson and Arnold Timm during their respective interviews. Under appropriate circumstances plaintiff's counsel could so testify. What the circumstances might be which would give rise to the necessity or the admissibility of such testimony would depend, in a large measure, upon the course of the trial and the foundation thereby erected. In any event, the requisite testimonial knowledge was evidenced by the pertinent affidavits, and the admissible content thereof was entitled to consideration in the summary judgment proceeding. *Cf. Corley v. Life & Cas. Ins. Co. of Tenn., supra.*

■ Respondents further contend that the affidavits are deficient in that they do not have appended to them certified or sworn copies of the transcripts referred to in the body of the affidavits. This deficiency, however, could have been corrected by appropriate motion in and action by the trial court. The record does not reveal that any timely motion to strike the affidavits was interposed prior to entry of the judgment of dismissal. Failure to make such a motion waives the deficiency. *United States v. Western Elec. Co.,* 337 F.2d 568 (9th Cir. 1964); 6 J. Moore, Federal Practice ¶ 56.22(1), at 2817-19 (2d ed. 1966); 3 W. Barron & A. Holtzoff, Federal Practice & Procedure § 1237, at 171, 172 (1958).

Turning then to the second question posed—whether the affidavits in question, by their content, successfully counter respondents' showing—we are of the view that they do.

■ As in *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963), the material issue involved is whether Tyler Williamson occupied any relationship to respondents at the time of the accident from which vicarious liability could flow. Tyler Williamson in his initial interview with plaintiff's counsel indicated that he did, and that the manager, Arnold Timm, knew or could be deemed to have known about it. Now, according to his affidavit presented by respondents, he says he did not then or ever occupy any such relationship. Respondents' manager, Arnold Timm, in his pretrial deposition stated he was aware of the fact that the mechanic, Douglas Williamson, utilized his friends and relatives in making automobile deliveries, although he indicates in his affidavit filed by respondents that he does not believe Tyler Williamson was ever so engaged. The opposing affidavits are therefore contradictory and raise credibility questions revolving about a material and decisive issue in the case. However complex and intricate plaintiff's problem of proof at the time of trial may be, plaintiff at this stage of the proceeding is entitled to all favorable inferences that may be deduced from the varying affidavits. So viewing the affidavits, we are satisfied respondents have not met their burden of demonstrating the absence of a

genuine issue of material fact. Mere surmise that plaintiff may not prevail at trial is not a sufficient basis to refuse her her day in court.

The judgment of dismissal is reversed and the cause is remanded for further proceedings. Costs on this appeal shall abide final disposition of the case as between plaintiff and respondents.

DONWORTH and HALE, JJ., and BARNETT, J. Pro Tem., concur.