[No. 135-41313-3.    Division Three.    October 2, 1970.]

ERROL BROWN *et al.*, *Appellants*, v. ARVIL CHILD *et al.*, *Respondents.*

*John R. Lewis*, for appellants.

*Darrell E. Ries* (of *Ries & Kenison*), for respondents.

MUNSON, J.—Plaintiffs, Errol and Mary Brown, appeal from a summary judgment of dismissal in their action for damages which alleges defendants conspired by unlawful means to oust Errol Brown from control of Brown & Kelly, Inc., a potato processing concern.

In order to avoid defendants' motion for summary judgment, plaintiffs' theory of the case required, among other things, a showing that there existed an issue of fact pertaining to the unlawfulness of defendants' actions—more specifically, the unlawfulness of defendants' actions in (1) securing a stock option from the estate of Percy Kelly in violation of the Securities Act of Washington, and (2) securing stock options from individual stockholders of the corporation by misrepresenting the company's financial condition.

In answer to defendants' motion, plaintiffs merely reiterated defendants' supposed violation of the Securities

Act of Washington without any supporting facts. Such an unsupported conclusional statement cannot be considered by a court in a motion for summary judgment. *Peninsula Truck Lines, Inc. v. Tooker,* 63 Wn.2d 724, 388 P.2d 958 (1964); *Henry v. St. Regis Paper Co.,* 55 Wn.2d 148, 346 P.2d 692 (1959).

With regard to the second unlawful means alleged, the financial statement upon which the directors base their opinion that the corporation was in an unsatisfactory financial condition was the one Errol Brown, as president, prepared for the board of directors and which the allegedly deceived stockholders had the right by statute to receive should they desire to inquire concerning the corporation's financial condition. Furthermore, plaintiffs have cited no specific statements upon which they base their allegation of misrepresentation. Our examination of over 500 pages of testimony by deposition has not brought any such statements to our attention.

■ A motion for summary judgment is properly granted if there is no genuine issue of fact as to any material element necessary to support a claimed cause of action. *Clarkston Community Corp. v. Asotin County Port Dist.,* 3 Wn. App. 1, 472 P.2d 558 (1970) and *Felsman v. Kessler,* 2 Wn. App. 493, 468 P.2d 691 (1970). See also Trautman, *Motions for Summary Judgment: Their Use and Effect in Washington,* 45 Wash. L. Rev. 1 (1970).

After considering the affidavits and depositions offered by both sides, we find no error in the trial court's decision.

Judgment affirmed.

EVANS, C. J., and GREEN, J., concur.