[No. 453-2.   Division Two.   December 8, 1971.]

TROY L. MANSFIELD, *Appellant,* v. ROBERT J. HOLCOMB *et al., Respondents.*

*Robert W. Garver* (of *Garver & Garver*), for appellant.

*Hugh A. Knapp* and *Knapp & O'Dell,* for respondents.

PETRIE, C.J.—This is an appeal from a summary judgment granted on the defendants' motion in an action for libel. The action arose from various charges made in a petition to recall plaintiff as mayor of the Town of North Bonneville. A formal charge was made and filed with the town clerk. Sufficient signatures were obtained on the recall petitions and a recall election was held, but, as a result of the election, plaintiff was not recalled and he served out the remainder of his term.

There is but one issue for our review. Is there error in the trial court's determination that there was nothing in the pleadings, depositions, admissions and affidavits which created a genuine issue of material fact as to whether the alleged defamatory statements were published with actual malice? The trial court determined there was nothing and we affirm that decision.

There can be no disagreement that plaintiff, as mayor, was a public official and that the alleged defamatory falsehoods pertained to his official conduct in that capacity. The statements claimed to be defamatory were all contained in the charge of malfeasance and misfeasance filed with the town clerk and the summarization thereof embodied in the petition for recall. Five of the 11 defendants were members of the town council and signed the petition. The other six defendants were residents of the community and allegedly

had been active in drawing the petition, in circulating it throughout the town and in publishing it in several newspapers.

■ The rule to be applied in cases involving defamation of public officials was clearly established in *New York Times Co. v. Sullivan,* 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710, 95 A.L.R.2d 1412 (1964) when the court said at page 279:

> The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with "actual malice"—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.

The rule was recently reaffirmed for the fourth time by the Supreme Court of Washington in *Miller v. Argus Publishing Co.,* 79 Wn.2d 816, 490 P.2d 101 (1971).

In considering the defendants' motion for summary judgment, the trial court found no actual malice as defined in *New York Times Co. v. Sullivan, supra,* and held that defendants were, therefore, entitled to a judgment as a matter of law. We must agree.

■ After a most careful review of the record, we find nothing to indicate that at a trial of the issues presented there would be any admissible evidence that the statements were made with knowledge they were false or with reckless disregard of whether or not they were false. Actual malice must be proved with the " . . . convincing clarity which the constitutional standard demands, . . ." *New York Times Co. v. Sullivan, supra,* at 285. If the plaintiff cannot raise this issue of fact when his suit is challenged by a motion for summary judgment there is no genuine issue of material fact remaining to prevent a judgment for defendants. With no genuine issue of material fact defendants were entitled to a judgment as a matter of law. *Ferrin v. Donnellefeld,* 74 Wn.2d 283, 444 P.2d 701 (1968); CR 56(c).

The one deposition of record is that of plaintiff. Our

thorough search, particularly of those portions to which plaintiff directed our attention, reveals no testimony indicating there is admissible evidence which might show that even one of the defendants had any knowledge of falsity in the charges or entertained any doubt as to their truth.

■ There are affidavits from each of the defendants in support of the motion for summary judgment. Each states upon personal knowledge facts admissible in evidence that the charges made against plaintiff were believed true by each defendant and were not made maliciously. Plaintiff's amended complaint alleges merely that the petition charged plaintiff "with certain acts of malfeasance and misfeasance in office, which were false and which were made willfully and maliciously . . ." Whether the allegation that the charges were made "willfully and maliciously" is sufficient to raise a genuine issue of material fact on the question of actual malice need not be discussed. By their affidavits, defendants had effectively met their burden, as the moving party, of showing there was no genuine issue of material fact regarding whether they had made the statements with actual malice. From that point plaintiff could not rely on his pleadings unsupported by evidentiary facts. *Tait v. KING Broadcasting Co.,* 1 Wn. App. 250, 460 P.2d 307 (1969).

In an attempt to show evidentiary facts plaintiff submitted three affidavits in opposition to the motion, none of them sufficient to raise the issue of actual malice as defined in *New York Times Co. v. Sullivan, supra.* Of the three affidavits one was made by plaintiff, one by his counsel and one by an individual not directly involved in this action. The latter contains nothing to raise the issue, but in essence states merely that a particular defendant "told me that they were out to get Troy Manfield [sic]; that this recall would do the job and get him out of the Towns [sic] business and get somebody else in as Mayor . . ." From this it may be evident the defendants were bent on recalling their mayor, but this is no indication the recall charges were

made with knowledge of falsity or with reckless disregard of whether or not they were false.

Plaintiff's affidavit consists mainly of an attack on the sufficiency of various affidavits of the defendants. It states no facts admissible in evidence on the issue of actual malice, but goes only so far as to deny, without stating supporting facts, various averments in the defendants' affidavits which state they made the charges without actual malice. Plaintiff directs our attention to two portions of his affidavit which he argues are sufficient to raise the issue. They read:

Page 4 of the Holcomb affidavit commencing on line 2 is I believe entirely hearsay so far as Holcomb is concerned. Also as to point 6 lines 11 to 19. That I was Mayor of the Town of North Bonneville off and on for a period of 16 years as well as a councilman of the Town and that it was not until Robert Holcomb came on the council that there began to be trouble in the Town and I believe he instigated a good deal of it not only with me but other council members.

. . .

That as to L. C. Collins' affidavit I feel Mr. Collins has been opposed to me and has attempted in every way to cause me trouble even before he got on the council.

We cannot say that these or any other portions of his affidavit contain even the slightest showing that the statements were published with knowledge they were false or with any doubt as to their truth. Plaintiff's affidavit does not meet the requirements of CR 56 (e) that such affidavits be made upon personal knowledge and state facts which would be admissible in evidence. Statements of information and belief do not reach the level of testimonial knowledge required in order to be considered in a summary judgment proceeding. *Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 431 P.2d 216 (1967).

The affidavit of plaintiff's counsel merely summarizes to the court the deficiencies he sees in the affidavits supporting the motion, and concludes

there is no question but what the defendants charged the

plaintiff with acts of not only misconduct but acts criminal in nature which were untrue, and that actually we feel that they knew at the time that they made them they were untrue and had no concrete evidence to support such charges.

Such unsupported conclusional statements cannot be considered by a court in a motion for summary judgment. *Brown v. Child,* 3 Wn. App. 342, 474 P.2d 908 (1970).

■ The statement in *Tait v. KING Broadcasting Co., supra* at 255 is particularly pertinent:

Serious problems regarding the exercise of free speech and free press guaranteed by the First Amendment are raised if unwarranted lawsuits are allowed to proceed to trial. The chilling effect of the pendency of such litigation can itself be sufficient to curtail the exercise of these freedoms. . . .

It would seem to us these considerations are of sufficient concern to compel the court to carefully review the record in motions for summary judgment in libel cases involving the exercise of First Amendment guarantees and, at that stage, determine whether there is substantial evidence presented which, if believed, could persuade a jury with convincing clarity the defendant was guilty of maliciously making a libelous statement.

(Citations omitted.) The libel claimed in the case at bar involves not only First Amendment rights; state constitutional rights are also involved. The charges were made by citizens in exercise of their right of recall granted by article 1, sections 33 and 34 of the Washington Constitution. The court in *New York Times Co. v. Sullivan, supra,* contemplated the undesirable reflection which an abridgment of free speech and free press would cast on the electoral process when it stated at page 270:

Thus we consider this case against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.

Without substantial evidence in the record which might

convince a jury with convincing clarity that defendants had made defamatory statements with actual malice defendants were entitled to a judgment as a matter of law. *Miller v. Argus Publishing Co., supra.*

Affirmed.

PEARSON and ARMSTRONG, JJ., concur.