[No. 44571. En Banc. December 21, 1978.]

RICHARD R. MILLER, *Appellant,* v. JOHN A. KENNEDY, *Respondent.*

*Edward M. Lane* and *Johnson, Lane & Gallagher,* for appellant.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson, P.S.,* by *Wayne J. Davies,* for respondent.

HOROWITZ, J.—This appeal raises questions regarding the proper instruction of a jury in a suit alleging negligence in the practice of medicine. The case is before this court for the second time. Following a jury verdict for defendant Dr. Kennedy in a 1972 trial, plaintiff Mr. Miller appealed. The Court of Appeals reversed and remanded for a new trial on several grounds, centered chiefly on the adequacy of the court's instructions to the jury. *Miller v. Kennedy,* 11 Wn. App. 272, 522 P.2d 852 (1974). This court affirmed and adopted the appellate court's exhaustive opinion. *Miller v. Kennedy,* 85 Wn.2d 151, 530 P.2d 334 (1975).

The evidence below is not included in the record on appeal. The parties agree, however, that at the second trial the jury considered substantially the same evidence. Mr. Miller first consulted Dr. Kennedy in 1970 with symptoms indicating a heart block and a possible kidney problem. Dr. Kennedy recommended and performed a kidney biopsy. Complications followed the biopsy and ultimately led to the loss of the kidney. Two issues were submitted to the jury: whether Dr. Kennedy was negligent in his performance of the biopsy, and whether he obtained Mr. Miller's informed

consent to the procedure.

With careful attention to the Court of Appeals decision we had adopted, the court instructed the jury regarding the rules of law applicable to these issues. The jury returned a verdict for the defendant on both issues. Mr. Miller now appeals, alleging the court gave erroneous and misleading instructions, and that a new trial must be granted. We have carefully considered each of appellant's contentions, but conclude no error was committed. We therefore affirm the judgment appealed.

Appellant's first argument centers on the fact that the two issues submitted to the jury are governed by different rules of law. Specifically, the burden of proof on a plaintiff to prove negligent performance of a kidney biopsy is different from the burden to prove negligent failure to obtain informed consent. Each burden was accurately stated by the court in separate instructions. Instruction No. $3^1$ set out the burden of proof applicable to the alleged negligence in performance of the biopsy. The instruction is not expressly limited to this issue by its own language, however. Appellant thus claims it could have been erroneously applied by the jury to the informed consent issue.

■ We note, however, that the instruction on informed consent, instruction No. 7,[2] contains its own statement of the applicable burden of proof. It is a self–contained unit

---

[1]INSTRUCTION No. 3: "The plaintiff has the burden of proving by a preponderance of the evidence:

"1. The standard of care applicable, at the time of the incident in question, and

"2. That the defendant failed to follow the standard of care, and was thereby negligent, and

"3. That the acts or omissions of the defendant were the proximate cause of injury to the plaintiff.

"If plaintiff fails to prove any one of these requirements, plaintiff may not recover.

[2]INSTRUCTION No. 7: "Under the legal doctrine of 'informed consent' the physician has a legal duty to disclose to a patient all relevant, material information— including risks and alternatives—which the patient will need to make an informed

containing a complete statement of the law to be applied by the jury on the question of informed consent. It includes a definition of the physician's duty, a statement of the plaintiff's burden, and an explicit statement that no standard of practice among physicians is relevant to the question of informed consent. Instruction No. 3, on the other hand, was one of a series of five instructions applicable to the issue of the performance of the biopsy. Instruction No. 3 states, among other things, that plaintiff must prove the applicable standard of care, an element of proof clearly excluded from the informed consent issue by the language of instruction No. 7. In view of the self–contained nature of instruction No. 7, a fair reading of the court's instructions does not support appellant's contention that instruction No. 3 was misleading or in conflict with the informed consent instruction. We find no error in this regard.

---

decision on whether to consent to or reject the proposed treatment, operation or procedure.

"In order to recover on this theory, the plaintiff must prove by a preponderance of the evidence that:

"(1) The physician failed to inform the patient of a material risk involved in submitting to the proposed course of treatment;

"(2) The patient consented to the proposed treatment without being aware of or fully informed of the material risks of each choice of treatment and of no treatment at all;

"(3) A reasonably prudent patient probably would not have consented to the treatment when informed of the material risks; and

"(4). The treatment chosen caused injury to the patient.

"A failure of the physician to fully inform the patient of all material risks present in his medical situation before obtaining the patient's consent is negligence; and the physician is liable for any injury proximately resulting from the treatment if a reasonably prudent person in the plaintiff's position would not have consented to the treatment if adequately informed of all of the significant perils.

"The duty of a physician to disclose all material facts is a legal one, and is not limited by a standard of disclosure of what other doctors generally tell their patients.

"The existence of a medical risk or alternative treatment, matters not generally understood by those who are not trained in the medical profession, must be proved by testimony of members of that profession.

"A fact or risk is material when a reasonable person in the patient's position would attach significance to it in deciding on treatment."

■ Appellant next contends the court erred in giving instruction No. 5.[3] Specifically, he contends the instruction is an erroneous statement of the law which is also in conflict with the court's accurate instruction on the doctrine of res ipsa loquitur. The first part of instruction No. 5 is a cautionary instruction which is properly given as a supplement to the physician's duty of care. It simply reminds the jury that a doctor does not guarantee a favorable result of his professional treatment. Such a supplementary instruction was expressly approved by the Court of Appeals in *Miller v. Kennedy, supra* at 279–80. In *Cook, Flanagan & Berst v. Clausing,* 73 Wn.2d 393, 438 P.2d 865 (1968), relied on by appellant, the court found a similar instruction improper, but in that case there was no instruction setting out the basic standard of care. The "no–guarantee" instruction by itself is not a full and accurate statement of a physician's duty of care, and it would be error to give such an instruction as the sole statement of a physician's duty. Where, as here, though, it is given along with an accurate statement of the basic standard of care, it is a proper instruction.

The second part of instruction No. 5 states that a bad result of treatment *in itself* is not evidence of negligence. Appellant contends this is erroneous and conflicts with the doctrine of res ipsa loquitur, as accurately set forth in another instruction. Res ipsa loquitur is a doctrine allowing a trier of fact to draw an inference the defendant was negligent when certain circumstances are present. Where the agency or instrumentality causing the injury was in the control of the defendant, and the injury is of a type which

---

[3]INSTRUCTION No. 5: "You are instructed that a physician employed to treat or administer to a patient does not and cannot insure or in any sense guarantee a satisfactory result, nor is the physician responsible for unsatisfactory results of his treatment or care unless his own lack of professional knowledge and skill or his negligent failure to exercise it is the proximate cause of such result. The fact in a particular case that complications result is not in itself any evidence that the treatment was improper or that the physician failed to exercise the professional knowledge and skill necessary to proper professional practice, nor is it any evidence that the doctor failed to exercise his skill with reasonable care."

would not ordinarily result if the defendant were not negligent, a jury may infer from the fact of the injury that the defendant was negligent. This relieves the plaintiff of the necessity of proving the defendant's actual negligent act. The doctrine does not allow the jury to infer a defendant was negligent from the fact of the injury alone, however. The plaintiff must show the other elements were present—that is, the control by the defendant over the instrumentality, and the nature of the injury as ordinarily resulting only from negligence. The instruction challenged here accurately states that a bad result or injury *in itself* is not evidence of negligence. *See Miller v. Kennedy, supra* at 279. Instruction No. 5 is neither erroneous nor misleading, and the court did not err in giving the instruction to the jury.

■ Finally, appellant contends the court erred in giving instruction No. 5 1/2, which states that a physician is not liable for an honest error of judgment where he or she exercised the requisite degree of care and skill in arriving at the judgment.[4] The appellate court expressly approved this instruction in *Miller v. Kennedy, supra* at 280. Appellant maintains no issue of judgment appears in this case, thus rendering the instruction misleading. We cannot agree. The exercise of professional judgment is an inherent part of the care and skill involved in the practice of medicine. Certainly Dr. Kennedy was called upon to exercise his professional judgment in performing the delicate surgery of a kidney biopsy. In the absence of testimony in the record on appeal to show otherwise, we conclude the court did not err in giving the instruction on the "honest error of judgment."

---

[4]INSTRUCTION No. 5 1/2: "A physician or surgeon is not liable for an honest error of judgment if, in arriving at that judgment, the physician or surgeon exercised reasonable care and skill, within the standard of care he was obliged to follow."

It follows from our discussion that we find the instructions given by the trial court neither inconsistent nor confusing. The judgment is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.