[No. 11395-0-I.  Division One.  February 27, 1984.]

PATRICIA THEONNES, *Individually and as Guardian ad Litem, Appellant,* v. GLORIA BELLE HAZEN, ET AL, *Respondents.*

*Kathleen Albrecht*, for appellant.

*Richard L. Gemson*, for respondents.

SODERLAND, J.*—Respondent was driving on a 2-lane paved street where the posted speed limit was 35 m.p.h. Appellant's 9-year-old son rode his bicycle out of a driveway and onto the street. A collision occurred causing serious injury to the child. The trial judge granted summary judgment to the respondent, dismissing appellant's complaint.

The issue on this appeal is whether the affidavits of appellant's witness Terry Turner, an expert in traffic accident investigation and reconstruction, state sufficient facts to take the appellant's case to the jury. The affidavits of the expert contain calculations of speed, distances and time based on physical evidence and principles of physics. The expert calculated that the driver was traveling 42 m.p.h. and that she was 59 feet from the child on the bicycle when she first saw him. The affidavits of the expert also contain conclusions that the driver could have avoided the accident if she had been traveling straight ahead at 30 m.p.h. or, if she had taken evasive action away from the boy, the accident could have been avoided at a somewhat higher rate of speed. The expert also stated that the ability of a vehicle to cause damage increases exponentially with the speed and concluded that the excessive speed did far more damage than a speed of 10 or even 5 miles less.

█ Respondent's car clearly had the right of way. Driving in excess of the 35 m.p.h. speed limit would be negli-

---

*Judge Stanley C. Soderland is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

gence per se. Such speed, however, is not the proximate cause of a collision when the vehicle is where it is entitled to be and the driver would not have had sufficient time to avoid the collision even if driving at the lawful speed.

Plaintiff argues that the negligence of the bus driver, proximately contributing to her injury, was (a) the excessive speed of the bus, and (b) the failure of the driver "to use due care to avoid the collision during the substantial interval of time, when he was aware that a dangerous situation was developing."

This court, on several occasions, has held that the speed of an automobile, in excess of that permitted by statute or ordinance, was not the proximate cause of a collision when the automobile of the one charged with excessive speed was where it was entitled to be, and the driver would not have had sufficient time to avoid the collision had he been driving at a lawful speed. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684 (1920); *Clark v. King,* 178 Wash. 421, 425, 34 P. (2d) 1105 (1934); *Hutteball v. Montgomery,* 187 Wash. 516, 60 P. (2d) 679 (1936).

*White v. Greyhound Corp.,* 46 Wn.2d 260, 264, 280 P.2d 670 (1955).

The driver's right of way should not be lost in a maze of details arising from split–second computation of time and distance. *Kilde v. Sorwak,* 1 Wn. App. 742, 463 P.2d 265 (1970). In that case the court said:

Defendant's negligence is admitted. He does not assert deception; he judged plaintiffs' speed and distance; he took the right–of–way. His negligence caused the collision; he would now have this court engage in split–second computation to bar plaintiffs' claim. This we cannot do.

We know that the right–of–way granted to the driver on the right is a strong one and ought not to be lost in the maze of details arising from split–second computation of time and distance.

*Mondor v. Rhoades,* 63 Wn.2d 159, 167, 385 P.2d 722 (1963).

*Kilde,* at 747–48.

The trial judge's memorandum opinion is as follows:

Viewing the evidence most favorably to the plaintiff,

together with all reasonable factual inferences therefrom, I remain unable to see that a speed of 42 miles per hour under the facts of this case could constitute a proximate cause of this accident so as to justify submitting that issue to a jury. Similarly, the defendant's having seen the child 59 feet away rather than 15 feet away does not permit a jury to speculate that the plaintiff [defendant], had she been traveling at the lawful limit, would have been able to stop in a straight line prior to impact, or that she would have been otherwise able to avoid the accident. It remains my belief that the defense motion for summary judgment should be granted, and that the motion for reconsideration should be denied.

Since summary judgment was entered in favor of respondents, we must accept the appellant's evidence and reasonable inferences therefrom. As did the trial court, we accept for this purpose the evidence from appellant's expert that respondent driver was going 42 m.p.h. and that she was 59 feet back from the child when she first saw him. The expert stated that the speed was calculated from the coefficient of friction measured on this street and the length of the skid marks. By using 3/4–second reaction and the place where the skid marks began, the expert calculated the 59 feet.

We agree with the trial judge that this evidence is not sufficient to justify submitting the issue to a jury.

The physical evidence of skid marks, as shown on the sketch made by the investigating officer, shows that the brakes engaged about 6 feet back from the edge of the driveway that the bicycle was coming out of and about 10 or 12 feet from the point of impact. The skid marks began, of course, after the driver's reaction time. If the car was going 35 m.p.h., 10 feet would be covered in less than 1/5 second and 12 feet would take less than 1/4 second. Even though some braking action would have begun to slow the car down, the physical evidence shows that at the legal speed the car was about 1/4 second from impact when the brakes first engaged. Put another way, the driver had her reaction time plus 1/4 of a second in which to avoid the collision.

Reasonable minds cannot differ. The collision would have happened even if the car was traveling at the 35 m.p.h. speed limit. It would be sheer speculation that anything could have been done by the driver in that 1/4 second to avoid the collision. Since the collision would have occurred even at the legal speed, the evidence of 42 m.p.h. speed could not be proximate cause.

If we assume appellant's evidence that the driver first saw the child when she was 59 feet from him, then the driver would have been slightly over 1 1/8 seconds from impact when she first saw the child, if her speed was the legal 35 m.p.h. At 35 m.p.h. the 59 feet would be traveled in approximately 1 1/8 seconds but there would be some slowing action after the brakes engaged at the end of the 3/4–second reaction time. If the driver was 59 feet back from the child and driving at the legal speed of 35 m.p.h. when she first saw him, she would have been slightly over .38 second from impact when the brakes first engaged. The first 39 feet would be traveled during the 3/4–second reaction time. The remaining 20 feet would be traveled in .38 second at 35 m.p.h. and there would be some slowing action during the last 20 feet after the brakes engaged.

It would be speculation that the driver could have avoided the child during the period of slightly over 1 1/8 seconds from the time she first saw him or during the period of slightly over .38 second after the brakes first engaged. The collision would have occurred at the legal speed, even accepting appellant's evidence of 59 feet between first sighting and impact. Appellant's evidence would not support a finding that there was any negligent act of the driver which was a proximate cause of the collision.

The opinion of an expert must be based on facts. An opinion of an expert which is simply a conclusion or is based on an assumption is not evidence which will take a case to the jury. Here the affidavits of the expert contain opinions that the driver could have avoided the accident while driving straight ahead at a speed of 30 m.p.h. or by

taking evasive action at a somewhat higher speed. These are mere conclusions. They are not based on evidence as was the case with the speed and distance calculations from skid marks and coefficient of friction. There is no evidence to support the expert's opinion that the collision could have been avoided or that evasive action would have been successful.

Likewise the expert stated that the "ability" of a vehicle to cause damage at impact increases with the speed. But he used that "ability" as a basis for a conclusion that excessive speed in this case did in fact cause more damage than would have been experienced at a speed 5 or 10 miles an hour less. That is speculation unsupported by any evidence.

In the final analysis, respondent's case hangs upon the evidence of its expert witnesses. The logic of their testimony is simply this: The pressure of the refrigerant *could* have caused the rupture if the pipe were worn to a thinness of approximately one ten–thousandth of an inch; the rupture did occur; therefore, the pipe must have been worn to the required point. This, however, is but reasoning in a circle. It assumes a fact necessary to establish a cause of action, but concerning which assumed fact there is no evidence, and then employs the supposititious fact as the basis for a conjecture as to the possible cause of a particular physical result.

. . .

As already stated, respondent's case rests ultimately upon expert opinion. But the opinions of expert witnesses are of no weight unless founded upon facts in the case. The law demands that verdicts rest upon testimony, and not upon conjecture and speculation. *Anton v. Chicago, M. & St. P. R. Co.,* 92 Wash. 305, 159 Pac. 115.

In *Bucher v. Wisconsin Central R. Co.,* 139 Wis. 597, 120 N.W. 518, appears the following statement, with which we are in accord:

"The verdict of a jury founded upon facts is entitled to great weight, and is almost conclusive upon this court if supported by any evidence. But the verdict of a jury founded only upon the opinion of experts concerning the cause of a condition, which condition is itself established by the opinion of experts, has no such weight. As was said in *Baxter v. C. & N. W. R. Co.,* 104 Wis. 307, 330, 80

N.W. 644, 652:

"'Opinion evidence alone is not conclusive in any case. The jury must pass upon the probabilities, and unless the opinion relied on is within the scope of reason and common sense it should not be regarded at all.' *Johnson v. G. N. R. Co.* (Minn.) 119 N.W. 1061."

*Prentice Packing & Storage Co. v. United Pac. Ins. Co.,* 5 Wn.2d 144, 162–64, 106 P.2d 314 (1940).

The summary judgment in favor of respondents is affirmed.

SWANSON and ANDERSEN, JJ., concur.