[No. 16601–8–I. Division One. August 24, 1987.]

JOANNE MARIE HASH, *Appellant,* v. CHILDREN'S ORTHOPEDIC HOSPITAL AND MEDICAL CENTER, *Respondent.*

---

*Howard P. Pruzan* and *Miracle, Pruzan & Morrow,* for appellant.

*William R. Hickman, Heather Houston Reeve, Donna M. Moniz,* and *Reed, McClure, Moceri, Thonn & Moriarty,* for respondent.

SCHOLFIELD, C.J.—In September 1982, Joanne Hash was referred to Children's Orthopedic Hospital and Medical Center (COH) for intensive physical therapy and surgical release of flexion contractures of the hip and knees caused by the condition polyarticular juvenile rheumatoid arthritis. She suffered a fracture of the left femur during a physical therapy session on October 5, 1982, then sued COH through her guardian ad litem, Toni Hash.

COH moved for summary judgment dismissal of the claim. In support of its motion, COH provided two affidavits from Dr. Carol A. Wallace dated March 20 and May 20, 1985. The plaintiff submitted no affidavits or other evidence in opposition, preferring to argue by memorandum that COH had not met its initial burden because its affidavits were insufficient under CR 56(e). The plaintiff also argued res ipsa loquitur applied and quoted extensively from deposition testimony.

The day before the hearing on the motion, COH filed two

additional affidavits. In granting COH's motion, however, the court's order specified that only the March 20 and May 20, 1985 affidavits were considered, and did not mention having considered any deposition testimony. Hash appeals; we reverse.

The primary issue in this appeal is whether COH met its initial burden under CR 56. A summary judgment motion should be granted only if the pleadings, affidavits, depositions and admissions on file demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. CR 56; *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

In resolving that issue, an appellate court engages in the same inquiry as the trial court. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). A party moving for a summary judgment has an initial burden of showing there are no issues of material fact requiring trial. If the moving party fails to sustain this burden, it is unnecessary for the nonmoving party to submit affidavits or other materials. *Graves v. P.J. Taggares Co.,* 94 Wn.2d 298, 616 P.2d 1223 (1980); *Jacobsen v. State,* 89 Wn.2d 104, 108, 569 P.2d 1152 (1977). The court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party. *Wilson,* at 437. Moreover, where undisputed facts are reasonably susceptible to more than one interpretation, summary judgment may be improper. *Graves,* at 303.

Preliminarily, COH contends that Hash's failure to move to strike the hospital's affidavits constitutes a waiver of any deficiencies. To preserve for review a claim that an affidavit is insufficient, a party must register an objection which specifies the deficiency or must move to strike the affidavit before the trial court's entry of summary judgment. *Smith v. Showalter,* 47 Wn. App. 245, 248, 734 P.2d 928 (1987). Here, since Hash fully argued in her memorandum in opposition to defendant's motion for summary judgment the alleged insufficiencies under CR 56(e) of Dr. Wallace's affidavits, the trial court was fully apprised and

there was no waiver of the alleged insufficiencies.

The remaining question is: Does an affidavit by an expert medical witness which states only conclusory opinions satisfy the initial burden of the moving party to prove the nonexistence of any material issue of fact? We hold that it does not.

 Conclusions of law stated in an affidavit filed in a summary judgment proceeding are improper and should be disregarded. *Orion Corp. v. State,* 103 Wn.2d 441, 693 P.2d 1369 (1985). Unsupported conclusional statements alone are insufficient to prove the existence or nonexistence of issues of fact. *Brown v. Child,* 3 Wn. App. 342, 343, 474 P.2d 908 (1970); *Mansfield v. Holcomb,* 5 Wn. App. 881, 491 P.2d 672 (1971).

It is conceded that Hash sustained a fracture of her left femur during the administration of range of motion exercises at COH. The affidavit of Dr. Wallace, dated March 20, 1985, sets forth a number of conclusions, but does not contain facts relating to, or explaining how, the fracture occurred. Dr. Wallace states in her affidavit that prescribing vigorous physical therapy conforms to the applicable standard of care, and offers the bare conclusion that the physical therapy program prescribed and administered to the plaintiff at COH met that standard of care. Dr. Wallace's affidavit of May 20, 1985, adds the conclusion that a child suffering from juvenile rheumatoid arthritis can suffer a fracture when the therapist is not negligent.

At no point does either affidavit provide this court with a factual description of how the injury occurred. Without that information, a court cannot conclude that there are no material issues of fact to be resolved in deciding the issues of proximate cause and liability. The record is simply deficient. It does not tell us either by facts sworn to under oath or by admissible opinion just how, mechanically, the fracture occurred. The issue of causation is normally a factual issue. *Morris v. McNicol,* 83 Wn.2d 491, 496, 519 P.2d 7 (1974); *Hall v. McDowell,* 6 Wn. App. 941, 944, 497 P.2d 596 (1972). Under these circumstances, a summary judg-

ment dismissing the plaintiff's complaint should not be granted.

COH argues that the conclusory opinions stated by Dr. Wallace, even though not supported by specific facts describing the proximate cause of the fracture, are nevertheless sufficient to put the burden on the plaintiff to come forward with a sufficient showing to demonstrate that issues of fact exist.

Under ER 705, an expert witness can testify at trial to an opinion without first stating the factual basis for that opinion. *Group Health Coop. of Puget Sound, Inc. v. Department of Rev.*, 106 Wn.2d 391, 399, 722 P.2d 787 (1986). One can argue, therefore, that the opinion of an expert should be given effect in summary judgment proceedings, even though no supporting facts are included in the expert's affidavit.

We reject that argument for two reasons. First, ER 705 contemplates and makes provision for the opposing party to explore the factual basis for an expert's opinion on cross examination. We have not yet discovered a means for cross–examining an affidavit. Furthermore, without knowledge of the factual basis for the opinion, the court may well be without any means of evaluating the merits of that opinion.

Another reason ER 705 should not be applied literally to affidavits in summary judgment proceedings is the requirement of CR 56(e) that supporting and opposing affidavits set forth admissible facts. While CR 56(e) does not expressly address affidavits of expert witnesses, it does specifically require that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . .

If the adverse party must set forth "specific facts" in order to defeat a motion for summary judgment, elemental

fairness compels an interpretation of the rule which places the same burden on the moving party if it is to succeed in making the initial showing that there is no material factual issue for trial. One cannot show there is no genuine factual issue without presenting the court with the facts surrounding the critical issues. Here, the critical issue is proximate cause, and COH did not meet that burden.

Expert opinions must be based on the facts of the case and will be disregarded entirely where the factual basis for the opinion is found to be inadequate. *Prentice Packing & Storage Co. v. United Pac. Ins. Co.,* 5 Wn.2d 144, 106 P.2d 314 (1940); *Theonnes v. Hazen,* 37 Wn. App. 644, 681 P.2d 1284 (1984). In the context of a summary judgment motion, an expert must back up his opinion with specific facts. *United States v. Various Slot Machs.,* 658 F.2d 697, 700 (9th Cir. 1981).

In this case, a child suffered a fracture of her left femur during the administration of physical therapy. Dr. Wallace's affidavit tells us that rheumatoid arthritis causes a demineralization of the bone, therefore making it weaker and more subject to fracture. Dr. Wallace's affidavit also tells us that it is possible for a fracture to occur without the therapist being negligent. We are not told, however, just how, mechanically, the fracture occurred, and without knowledge of the proximate cause of the fracture, summary judgment is improper.

While lesser pressures can fracture a bone weakened by demineralization, the record does not indicate what precautions, if any, are taken to protect a weakened bone during administration of physical therapy. Under these circumstances, we are not satisfied there are no factual issues requiring a trial.

The trial court judgment is reversed and the case remanded for further proceedings consistent with this opinion.

PEKELIS, J., concurs.

THOMPSON, J. (dissenting)—I respectfully dissent. I disagree with the majority's conclusion the expert's affidavit was insufficient to meet Children's Orthopedic Hospital's (COH) burden at summary judgment.

The burden is on the moving party to show no genuine issue of material fact. *Hartley v. State*, 103 Wn.2d 768, 698 P.2d 77 (1985). All reasonable inferences from the evidence must be resolved in favor of the nonmoving party. *Morris v. McNicol*, 83 Wn.2d 491, 519 P.2d 7 (1974). However, a party opposing a summary judgment motion cannot show there was a genuine issue of fact by its pleadings alone, where the motion for summary judgment is properly supported by the moving party. *Twelker v. Shannon & Wilson, Inc.*, 88. Wn.2d 473, 564 P.2d 1131 (1977). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

Under CR 56(e), affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein". *See Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 431 P.2d 216 (1967); *Klossner v. San Juan Cy.*, 21 Wn. App. 689, 586 P.2d 899 (1978), *aff'd*, 93 Wn.2d 42, 605 P.2d 330 (1980). Also, it is generally true that the affidavit must contain a recitation of facts upon which knowledge and ultimate conclusions are based. *Guntheroth v. Rodaway*, 107 Wn.2d 170, 178, 727 P.2d 982 (1986); *Sea Farms, Inc. v. Foster & Marshall Realty, Inc.*, 42 Wn. App. 308, 311, 711 P.2d 1049 (1985).

Nevertheless, an expert medical witness is not restricted by the usual rule requiring a witness to testify from first-hand knowledge, and may base an opinion on hearsay, such as reports, observation of others, and statements of the patient herself. ER 703; 5A K. Tegland, Wash. Prac., *Evidence* § 304 (2d ed. 1982); 3 J. Weinstein & M. Berger, *Evidence* ¶ 703[02] (1985). Also, a medical expert may render an admissible opinion without prior disclosure of the basis for that opinion. ER 705; *Group Health Coop. of*

*Puget Sound, Inc. v. Department of Rev.,* 106 Wn.2d 391, 399, 722 P.2d 787 (1986). The combined effect of ER 703 and ER 705 is to give considerable flexibility in presenting expert medical opinion testimony. A party may do so by eliciting the expert's opinion immediately after her qualifications are established, without any recitation of the expert's factual data, hypothetically or otherwise. 5A K. Tegland § 310, at 89. It is up to the other side to bring out the expert's supporting data, and to impeach its validity or the conclusions drawn. *See Smith v. Ford Motor Co.,* 626 F.2d 784 (10th Cir. 1980) (construing Fed. R. Civ. P. 703 and 705, identical to ER 703 and 705); Fed. R. Evid. 705 advisory committee note. Because the expert's data and opinions may be explored during discovery, there is less need to use the court's time in requiring an elaboration of the factual basis for the opinion prior to cross examination. 5A K. Tegland § 311, at 91. Thus, I would conclude an expert may give an opinion by affidavit on summary judgment that is not based on personal knowledge and does not disclose the underlying data as long as some reasonable foundation is given for the opinion and the opinion is more than a bare conclusion the defendants were not negligent. *See Bieghler v. Kleppe,* 633 F.2d 531, 533 (9th Cir. 1980). In addition, an expert witness may give an opinion on the ultimate issue, even if somewhat conclusory. ER 704; *Schoening v. Grays Harbor Comm'ty Hosp.,* 40 Wn. App. 331, 335 n.3, 698 P.2d 593, *review denied,* 104 Wn.2d 1008 (1985).

Here, the two affidavits considered by the trial court recited an opinion based upon: (1) Dr. Wallace's expertise as a pediatric rheumatologist familiar with the standard of medical practice in the State of Washington at the time of the incident giving rise to this lawsuit; (2) an examination of the child; (3) a medical history obtained from the child's mother. Dr. Wallace was of the opinion a vigorous physical therapy program presented for a patient, such as this child, conforms to sound medical practice and to the standard of reasonable prudent care. She concluded the program pre-

scribed and administered to Joanne Hash at COH met the standard of care. Both parties agree there was full discovery in this case and there is no allegation the plaintiff did not have an opportunity to depose COH's expert. Under the rules discussed above, this expert opinion would be admissible at trial. Thus, an affidavit containing such an opinion may be considered on summary judgment and should be sufficient to meet the moving party's burden.

The majority concludes that while ER 705 allows an expert witness to testify at trial to an opinion without first stating the factual basis for that opinion, the different setting of summary judgment makes it unfair to allow such a rule when deciding a summary judgment motion. Without facts as to how the injury occurred, the majority concludes, the court cannot evaluate the merits of the expert's opinion. But the court is not to decide whether the opinion is to be believed. It is to decide whether there is a sufficient dispute to send the case to the jury. Once the moving party has set forth an expert opinion on the standard of care, plaintiff must respond. The plaintiff, as at trial, has the burden to develop the underlying facts, not the defendant. This is the method of "cross–examining" Dr. Wallace's affidavit sought by the majority in a summary judgment context.

In a medical malpractice case, the plaintiff must, at a minimum, prove the applicable standard of care and its violation; without expert medical testimony establishing these elements, plaintiffs normally cannot prove negligence. *Douglas v. Bussabarger,* 73 Wn.2d 476, 479, 438 P.2d 829 (1968); *Hayes v. Hulswit,* 73 Wn.2d 796, 440 P.2d 849 (1968). The appellant Hash chose instead to argue in her memorandum in opposition to summary judgment the doctrine of res ipsa loquitur applied here. Before res ipsa loquitur can be found applicable in a medical malpractice case, the trier of fact must be in a position, on the basis of

required[1] and admissible evidence, to make an inference of negligence, if it wishes to do so. If the trier of fact could not make the inference, because there is no such testimony, the doctrine is inapplicable. *Shoberg v. Kelly,* 1 Wn. App. 673, 678, 463 P.2d 280 (1969), *review denied,* 78 Wn.2d 992 (1970).

The appellant Hash failed to provide the trial court with any evidence raising an inference of res ipsa loquitur, other than argument in her memorandum.[2] Nor did she counter COH's affidavits with one of her own showing the applicable standard of care was violated. Once there has been an initial showing of the absence of any genuine issue of material fact, the party opposing summary judgment *must* respond with more than conclusory allegations, speculative statements, or argumentative assertions of the existence of unresolved factual issues. *LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975); *Estate of Kepl v. State,* 34 Wn. App. 5, 11-12, 659 P.2d 1108 (1983). The appellant Hash failed to meet this burden. As such, I would hold summary judgment was properly granted.

After modification, further reconsideration denied October 14, 1987.

Review granted by Supreme Court February 1, 1988.

---

[1]Res ipsa loquitur is a doctrine allowing the trier of fact to draw an inference that the defendant was negligent when certain circumstances are present. They are (1) the agency or instrumentality causing injury was in the control of defendant, and (2) injury is of a type which would not ordinarily result if the defendant were not negligent. *Miller v. Kennedy,* 91 Wn.2d 155, 159-60, 588 P.2d 734 (1978).

[2]The depositions referred to in the appellant's brief were not listed as considered by the trial court in its order and may not be considered by this court. *Harris v. Kuhn,* 80 Wn.2d 630, 632, 497 P.2d 164 (1972); *Alexander v. Gonser,* 42 Wn. App. 234, 237, 711 P.2d 347 (1985); RAP 9.12.