[No. 14771-1-III.   Division Three.   April 10, 1997.]
DONOVAN H. GERARD, ET AL., *Appellants*, v. SACRED
HEART MEDICAL CENTER, *Respondent*.

*Dennis W. Clayton* and *Dennis W. Clayton, P.S.*, for appellants.

*Malcolm L. Edwards* and *Edwards, Sieh, Hathaway, Smith & Goodfriend, P.S.*; and *Richard E. Hayes* and *Chase, Hayes & Kalamon, P.S.*, for respondent.

SWEENEY, C.J. — ■ The error-of-judgment instruction provides that a "health care provider is not liable for an error of judgment if, in arriving at that judgment, the health care provider exercised reasonable care and skill, within the standard of care the health care provider was obliged to follow." Donovan Gerard was admitted to Sacred Heart Medical Center after suffering a head injury in an automobile accident. He was intermittently agitated, confused, and often difficult to manage. Despite his family's wishes, Sacred Heart frequently used "soft" physical restraints on Mr. Gerard. On September 22, 1990, nurse Judy Young checked Mr. Gerard's records when she came on duty. She assessed Mr. Gerard and determined he did not need to be restrained. Later that morning, Mr. Gerard fell as a nurse helped him out of his hospital bed. He sued Sacred Heart alleging negligence. The court gave the error-of-judgment instruction and the jury returned a verdict in favor of Sacred Heart. Mr. Gerard appeals. We affirm.

## DISCUSSION

Mr. Gerard first contends the court erred in giving the error-of-judgment instruction because it alters the statutory standard of care. He asserts the instruction allowed the jury to relieve Sacred Heart of liability based on an evaluation of the provider's judgment processes which may or may not have occurred. He concludes the instruction is contrary to the objective standard of care established in RCW 7.70.040.

We do not accept Mr. Gerard's invitation to reject the error-of-judgment instruction. Our Supreme Court approved the instruction in *Miller v. Kennedy*, 91 Wn.2d 155, 160, 588 P.2d 734 (1978) and *Watson v. Hockett*, 107 Wn.2d 158, 164-65, 727 P.2d 669 (1986). The court in *Watson* concluded that the instruction is useful to remind the jury that "medicine is an inexact science where the desired results cannot be guaranteed, and where professional judgment may reasonably differ as to what consti-

tutes proper treatment." 107 Wn.2d at 167 (emphasis omitted).

Mr. Gerard next argues the court erred in giving the instruction because the decision to use restraints is neither a therapeutic technique nor a medical diagnosis. He argues the decision to use restraints is merely a question of custodial security.

The error-of-judgment instruction is appropriate in Washington when (1) in arriving at a judgment, a physician exercised reasonable care and skill within the standard of care he was obliged to follow, and (2) the physician was confronted with a choice among competing therapeutic techniques or among medical diagnoses. *Thomas v. Wilfac, Inc.*, 65 Wn. App. 255, 263-64, 828 P.2d 597, *review denied*, 119 Wn.2d 1020 (1992); *Watson*, 107 Wn.2d at 165.

In *Teig v. St. John's Hosp.*, 63 Wn.2d 369, 387 P.2d 527 (1963), the attending physician declined to authorize physical restraints because he felt they would be dangerous to the patient and could result in serious injury and even death. *Id.* at 372. The plaintiff was injured when he climbed out of his hospital bed. In his suit for negligence, the plaintiff asserted the hospital failed to take necessary precautions to keep him from getting out of bed, including the application of a posy belt. *Id.* at 373. Our Supreme Court held that the doctor had "*in the exercise of his medical judgment*, declined to authorize physical restraints because he felt such would be dangerous to the patient . . . ." *Id.* at 374 (emphasis added). Similarly, in *Adams v. State*, 71 Wn.2d 414, 423, 429 P.2d 109 (1967), the court noted that whether a patient is put under physical restraint is a matter of medical judgment with which it would not interfere.

Margaret Bruya, who has a doctorate in nursing science, testified at trial that "[t]here's an enormous sense of judgment that goes into the decision to use or not to use the restraint or safety device." That judgment, according to Dr. Bruya, includes an observation of the patient's behavior, a determination of the cause of the patient's

discomfort, review of the patient's medication, the patient's need to be ambulatory, and the physician's orders. The care giver must also assess whether the patient has the ability and opportunity to harm himself or herself. And the care giver must also decide on the proper manner of restraint: physical or chemical. Based on her experience and training, Dr. Bruya said that the decision to restrain a patient is a nursing judgment. We are not persuaded by Mr. Gerard's assertion that the decision to restrain a patient is merely a matter of custodial security.

The court did not err in giving the error-of-judgment instruction. The jury verdict in favor of Sacred Heart is affirmed.

SCHULTHEIS and BROWN, JJ., concur.

Review denied at 133 Wn.2d 1017 (1997).