[No. 31904.   Department Two.   April 24, 1952.]

EVERETT C. MILLS *et al., Respondents,* v. G. J. MEYER, *Appellant.*[1]

Jacob Kalina (*Michael S. Curtis,* of counsel), for appellant.

*Selander, Espedal & Clark,* for respondents.

[1]Reported in 243 P. (2d) 491.

OLSON, J.—Respondents brought this action to recover the balance due on the purchase price of certain shuffleboards which they sold to the appellant. Appellant cross-complained for damages, alleging the breach of an express warranty made at the time of sale by the respondents. After a trial to the court, judgment was entered for respondents in the sum of the unpaid purchase price, less the costs incidental to refinishing some of the shuffleboards.

In view of our disposition of the case, we do not think it necessary to relate in detail the factual background of this controversy. We will assume that there was a breach, by respondents, of an express warranty, and of all implied warranties possibly available to appellant under the uniform sales act. These facts can be assumed, because our decision turns upon the measure and sufficiency of the proof of appellant's damages.

The uniform sales act, as adopted in Washington, Rem. Rev. Stat., § 5836-69 [P.P.C. § 852-7], provides in part as follows:

". . . (6) The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.

"(7) In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

The burden of proof is upon the appellant to establish the amount of his damages with reasonable certainty, measured by these statutory provisions. He produced no testimony upon the difference between the value of the goods at the time of their delivery to him, and the value which the goods would have had if they had answered to the warranty. The only evidence of the decreased value of the boards pertained to a time subsequent to delivery, and after they had been subjected to an undetermined amount of use in the various establishments in which appellant had placed them. This does not meet the require-

ment of subd. 7 of the statute, *supra*. See *Smelt Fishermen's Ass'n v. Soleim,* 39 Wn. (2d) 524, 527, 236 P. (2d) 1057 (1951).

The other element of damages which appellant contends he should recover, is the cost of cartage and installation which he incurred in taking delivery and installing the boards at various locations. He did not elect to rescind his contract, but chose to keep the boards. Having elected to affirm the contract, the costs of cartage and installation are not proper elements of his damage for the assumed breach of warranties, unless he also establishes that the goods were of no value. What his recovery might have been, had he rescinded the contract or had he introduced evidence that the boards were worthless when delivered, we do not decide.

Subsequent to the sale, respondents agreed to adjust complaints made to appellant about the boards by his co-operators. Breach of this agreement was the only theory of appellant's case upon which damages were established with reasonable certainty, and was the basis for the deduction from the purchase price allowed by the trial court. Appellant's contention that there was error in this allowance is answered by his failure to prove more damages than he recovered. Any further recovery would have been based upon speculation, and could not be sustained.

Appellant relies upon *Columbia Concrete Pipe Co. v. Knowles,* 36 Wn. (2d) 602, 219 P. (2d) 557 (1950), to sustain his contention that he should have a new trial. However, in that case, this court granted a new trial because of the erroneous conclusions by the trial court that there had been no breach of warranty, and that the appellant had failed to prove any damages. Upon the new trial, the court was directed to determine, among other things, the amount of damages, if any, the appellant should recover. Here we find no error in the denial of appellant's motion for a new trial. He had the opportunity to submit all of his evidence of damages, and recovered all items that he proved beyond speculation. A mere failure of proof is not a ground upon which a new trial can be granted. Appellant has not estab-

lished any other ground upon which he can or should be granted a second opportunity to submit proof of his damages.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.