[No. 37813.    Department Two.    June 23, 1966.]

MARION L. CARLSON *et al., Respondents,* v. FRED MILBRAD *et al., Appellants.*\*

\*Reported in 415 P.2d 1020.

*Benn R. Agor,* for appellants.

*Riddell, Williams, Voorhees, Ivie & Bullitt,* for respondents.

FINLEY, J.—The plaintiff-respondents, Marion Carlson and his wife, Wilma, sold to the defendant-appellants, Fred Milbrad and his wife, Mildred, the business known as the "Eastlake Zesto Drive-In," on April 23, 1962. The legal means utilized to effectuate the sale were a conditional sale contract and an assignment of the lease for the realty on which the business is situated. After the Milbrads had operated the business for approximately 4 months, they resold to the defendants, Frank Bell and his wife, Joyce. The Bells assumed the balance due to the Carlsons under the previously mentioned conditional sale contract. Shortly thereafter, the Bells became delinquent in their installment payments to the Carlsons, and the Carlsons elected to declare the balance remaining to be payable immediately under the acceleration clause of the conditional sales contract.

This suit was subsequently initiated against the Milbrads and the Bells for enforcement of the contract and recovery of the balance due. The Bells made no appearance at the trial, and are not parties to this appeal. The defendant Milbrads' answer alleged, by way of affirmative defense, that the Carlsons had released the Milbrads from any obligation under the conditional sales contract, if any existed. In addition, the Milbrads entered a counterclaim for $1,200, the amount they allegedly spent in making ice-cream equipment involved in the sale fit for use in the operation of the "Eastlake Zesto Drive-In."

The plaintiff Carlsons made a motion for summary judgment. This was granted in part, but the trial court reserved for trial two issues raised by the pleadings: *i.e.,* the question (1) of whether or not the Carlsons released the Milbrads from any obligation under the conditional sale contract, and

(2) whether or not the Milbrads were entitled to a setoff or counterclaim for repairs and improvements made to the ice-cream equipment.

At the time of trial, a motion made by the Carlsons at the close of the Milbrads' case challenged the sufficiency of the Milbrads' evidence to prove or establish (1) the alleged release and/or (2) the alleged setoff. The motion was granted, and judgment was subsequently rendered in favor of the Carlsons in the amount of the balance remaining unpaid under the terms of the conditional sale contract, with interest.

The Milbrads thereupon appealed. Perhaps it should be noted that the Milbrads raise for the first time on appeal the question of whether or not a valid conditional sale contract was ever executed between themselves, as purchasers, and the Carlsons, as vendors. Their answer did deny each and every portion of the complaint other than the residency and marital status of the parties involved. However, a memorandum of conditional sale, dated April 23, 1962, and signed by both the Carlsons and the Milbrads, was incorporated into the affidavit submitted by Marion Carlson in support of the motion for summary judgment. The trial court's order on motion for summary judgment inferentially establishes the existence and validity of that contract by stating that all of the allegations of the plaintiffs' complaint were thereby established as facts with the exception of the questions as to (1) whether there had been a release, and (2) whether the defendants were entitled to a setoff. We think the trial court's order entering the summary judgment was proper in this respect, since the memorandum of conditional sale, made a part of the plaintiffs' affidavit in support of a motion for summary judgment, was uncontroverted by the defendants' answering affidavit. It is true that the defendants' answer denied each and every allegation of the complaint, but that answer was verified only by the defendants' attorney; and it cannot be relied on to raise into issue facts established by affidavit in the absence of any showing that the attorney had personal knowledge of the facts alleged or denied. *Stringfellow v. Stringfellow,* 53

Wn.2d 639, 335 P.2d 825 (1959). The summary judgment procedure has sounded the death knell for the proposition that issues raised by pleadings alone entitle litigants to a trial. The whole object of the summary judgment procedure is to avoid a useless trial. In the absence of a counter-affidavit from the Milbrads as to the existence or validity of the memorandum of conditional sale, the trial court properly entered an order excluding that "fact" from being an issue at trial.

█ The defendant Milbrads' principal contention on appeal is that certain discrepancies between the Carlsons' affidavit in support of their motion for summary judgment and their testimony on oral deposition demonstrate that it was improper for the trial court to grant that motion and to refuse to vacate the summary judgment order on motion by the defendants. The affidavit contains the statement, "That prior to February 6, 1963, the date of service of 'Answer of Defendants Milbrad; Affirmative Defenses and Cross-Complaint of Defendants Milbrad' the defendants Milbrad had never made any claim or complaint to plaintiffs by reason of any alleged defects or poor or faulty condition of any of the personal property which was the subject matter of the transaction between the plaintiffs and defendants Milbrad; . . . ." Marion and Wilma Carlson's subsequent testimony on oral deposition is directly contrary, and they both readily admit to hearing certain complaints by the Milbrads about the ice-cream machine. However, it would seem that any factual dispute in this respect would go to the question of whether the defendants were entitled to recover for breach of an implied warranty as to the quality or fitness for a particular purpose of the ice-cream equipment. RCW 63.04.160(5). The trial court's order on motion for summary judgment expressly reserves for trial the question of whether the defendants were entitled to a setoff for the amount expended by reason of an alleged breach of an implied warranty of fitness for use. There being no "genuine issue as to any material fact" (other than the alleged release and/or setoff), summary judgment was properly rendered. *Peninsula Truck Lines, Inc. v. Tooker,*

63 Wn.2d 724, 388 P.2d 958 (1964); *Preston v. Duncan*, 55 Wn.2d 678, 349 P.2d 605 (1960); Rule of Pleading, Practice and Procedure 56(c), RCW Vol. o.

▇▇▇ Appellants' remaining contentions are also without merit. In ruling on a challenge to the sufficiency of the evidence in a matter tried to a jury, the trial judge must view the evidence, and all reasonable inferences arising therefrom, from the viewpoint most favorable to the non-moving party. *Messina v. Rhodes Co.*, 67 Wn.2d 19, 406 P.2d 312 (1965); *Miller v. Payless Drug Stores*, 61 Wn.2d 651, 379 P.2d 932 (1963); *Lambert v. Smith*, 54 Wn.2d 348, 340 P.2d 774 (1959). But even viewing the defendants' evidence as to a release or right to a setoff from the prescribed "favorable" perspective, we think that the trial court properly granted the plaintiffs' motion challenging the sufficiency of the defendants' case in both respects. The Carlsons did sign a document whereby they stated that it was their intention to "hereby consent to the sale of said business to the above named purchasers [the Bells], subject to the encumbrance held by the undersigned [the Carlsons]." But there is a wide chasm between a *consent* to the resale of a certain business premises by a previously obligated purchaser and a *release* of the initial purchaser from any and all obligations under the original contract. The defendants failed to introduce any evidence other than the consent document itself, which even tended to prove that the Carlsons intended to release them from all of their obligations under the original memorandum of conditional sale. For a similar failure of proof, see *Auve v. Wenzlaff*, 162 Wash. 368, 298 Pac. 686 (1931).

▇▇▇ The defendants also failed to introduce evidence sufficient to show that they were entitled to a setoff by way of damages for breach of implied warranty of fitness for use of the ice-cream equipment. By the Milbrads' own admission, they were apprised by the Carlsons that the machine was "touchy." Furthermore, even presuming the breach of an implied warranty of fitness for use by the Carlsons, the Milbrads did not introduce any evidence as to the difference in value between the equipment as it

852

was at the time of the sale as opposed to the value of the equipment as it would have been if the ice-cream machine had worked as warranted. RCW 63.04.700(6). The burden of proof is clearly on the purchaser in this respect, and his failure to introduce evidence in accordance with the Sales Act's prescribed measure of damages precludes his recovery. *Mills v. Meyer,* 40 Wn.2d 369, 243 P.2d 491 (1952).

The judgment of the trial court is in all respects affirmed.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.