IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DANA BROWN, a single person, | ) | |
| | ) | No. 36349-0-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROTECH AUTO, INC., a Washington | ) | UNPUBLISHED OPINION |
| corporation, | ) | |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — Dana Brown appeals the summary judgment dismissal of her lawsuit against ProTech Auto, Inc., arising out of its merely partial restoration of her 1931 Ford Model A automobile. Ms. Brown failed to file materials in opposition to the motion. She had filed a verified complaint and, for the first time on appeal, asks us to follow federal case law holding that for summary judgment purposes, a verified complaint carries the same weight as an affidavit.

Ms. Brown never argued in the trial court that her verified complaint should be treated as an affidavit. If there was error, it was not preserved. We affirm.

FACTS AND PROCEDURAL BACKGROUND

In November 2017, Dana Brown filed a verified complaint against ProTech, alleging breach of contract, a violation of the "Washington Consumer Protection Act," chapter 19.86 RCW, and a claim for replevin. She alleged that four years earlier, she had delivered possession of her 1931 Ford Model A automobile to ProTech for a full restoration, she had so far paid over $100,000 for restoration work, the work had not been completed, and the car had not been returned. Among the allegations of her complaint was the allegation, "Defendant has failed to complete the restoration within the time and for the amount agreed upon between the parties." Clerk's Papers (CP) at 2.

Following the conduct of discovery, ProTech moved for summary judgment. It presented evidence that the parties' agreement had been that ProTech would perform restoration work on a time and material basis, and that Ms. Brown had been billed and paid only for work that was approved and performed. It presented evidence that in 2017, ProTech's owner, James Pentecost, retired, sold ProTech's building, and informed Ms. Brown that she would need to pick up the automobile and arrange for someone else to complete the restoration work.

At the hearing on the motion, Ms. Brown's attorney apologized for not filing any responsive materials, attributing the failure to his own oversights and to discovering too

late that his client was out of state and unreachable. He told the court he "would certainly accept . . . a monetary sanction, if the Court were willing to grant the continuance of the summary judgment motion." Report of Proceedings at 4-5. The attorney did not argue that the trial court should consider Ms. Brown's verified complaint as equivalent to an affidavit in ruling on the summary judgment motion.

The trial court found the request for a continuance to be inadequate under CR 56(f) and granted ProTech's motion. Following the court's oral ruling, attorneys for the parties reached an agreement about the return to Ms. Brown of her car and the parts she had paid for. Ms. Brown appeals.

## ANALYSIS

For the first time on appeal, Ms. Brown argues that Washington courts should recognize, as federal courts do, that a plaintiff facing a summary judgment motion can rely for opposition on a verified complaint.

Ms. Brown's complaint was signed by her lawyer and included a notarized verification by her, which reads as follows:

> I am the Plaintiff Dana Brown in the above-entitled action; I have read the foregoing Complaint, know the contents thereof and confirm said complaint to be true and correct to the best of my knowledge.

3

No. 36349-0-III
*Brown v. ProTech Auto, Inc.*

CP at 3. The claims asserted by the complaint did not require a verified complaint.

Today, most complaints do not. CR 11 identifies a handful of exceptions[1]; statutes and

court rules identify a few other claims for relief that must be asserted by verified

complaint or supported by an affidavit.[2]

This court has described verification as "the confirmation of the correctness, truth

or authenticity of the pleadings." *RCL Nw., Inc. v. Colo. Res., Inc.*, 72 Wn. App. 265,

271, 864 P.2d 12 (1993). Our Supreme Court has described the purpose of a verification

requirement as being "to 'assure the truthfulness of the pleadings and to discourage

claims without merit.'" *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32

(1999) (quoting *Griffith v. City of Bellevue*, 130 Wn.2d 189, 194, 922 P.2d 83 (1996)).

Ms. Brown's verification was in a form recommended by the Washington Practice series.

*See* 9 DAVID E. BRESKIN, WASHINGTON PRACTICE: CIVIL PROCEDURE FORMS § 11.22, at

320 (2000); *and see* former RCW 42.44.010(5) (2016) (defining "'[v]erification upon

oath or affirmation'" as "a statement by a person who asserts it to be true and makes the

assertion upon oath or affirmation administered in accordance with chapter 5.28 RCW").

---

[1] "Petitions for dissolution of marriage, separation, declarations concerning the validity of a marriage, custody, and modification of decrees issued as a result of any of the foregoing petitions shall be verified. Other pleadings need not, but may be, verified or accompanied by affidavit." CR 11(a).

[2] *E.g.*, CR 23.1 (derivative actions by shareholders); CR 27 (petition to perpetuate testimony); CR 65(b) (temporary restraining orders); RCW 7.16.050 (petition for statutory writ of certiorari).

4

No. 36349-0-III
*Brown v. ProTech Auto, Inc.*

Ms. Brown cites a federal practice treatise and a handful of federal cases for the proposition that "it is well settled in the federal system that a verified complaint may serve as an affidavit in [a] summary judgment proceeding." Br. of Appellant at 6 (citing, e.g., 11 MOORE'S FEDERAL PRACTICE § 56.94[2A]). Washington case law, by analogy and implication, *might*[3] support the proposition as well. In statutory writ proceedings requiring an affidavit, the Washington Supreme Court has held that a verified complaint is equivalent. *Gordon v. Seattle-First Nat'l Bank*, 49 Wn.2d 728, 731, 306 P.2d 739 (1957). And while our Supreme Court has twice found a verified pleading to be insufficient opposition to a summary judgment motion, the reason for its insufficiency was that the verification was by the party's lawyer rather than by the party. *Stringfellow v. Stringfellow*, 53 Wn.2d 639, 641, 335 P.2d 825 (1959); *Carlson v. Milbrad*, 68 Wn.2d 847, 849, 415 P.2d 1020 (1966) (verification could not be relied on absent a showing that the lawyer had personal knowledge of the facts).

Ms. Brown now argues that her verified complaint contravened ProTech's claim that theirs was a time and materials contract, since it asserted that ProTech "failed to complete the restoration *within the time and for the amount agreed upon between the parties*." Br. of Appellant at 8 (emphasis added). In an effort to avoid responsibility for failing to make this argument in the trial court, she argues that because CR 56(c) directs

---

[3] We will not decide the issue because we consider it insufficiently briefed.

5

the trial court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact," and because the court's order granting the motion stated that it was based on "the records herein," Br. of Appellant at 10, the trial court was duty bound to recognize the relevance and weight of the verified complaint on its own. RAP 2.5(a) is the controlling rule, however, and it provides generally that *if a trial court makes an error, the affected party is required to point it out*—in the trial court.

This court's decision in *Discover Bank v. Lemley*, 180 Wn. App. 121, 320 P.3d 205 (2014) is cited by Ms. Brown in support of her position, but it does not help her. In that case, the Lemleys moved for summary judgment and Discover Bank responded with a cross motion, which the trial court refused to hear on shortened time. At the hearing on the Lemleys' motion, the trial court refused to consider affidavits that Discover Bank had filed and served in connection with its impending cross motion. The bank's written submissions had asked that the affidavits be considered and the bank's lawyer asked at oral argument that they be considered. *Id.* at 129-30. Even after the trial court said they would not be considered, the bank's lawyer persisted in arguing them as a basis for denying summary judgment. *Id.* at 131 The issue was preserved and this court held it was error for the trial court to refuse to consider the affidavits.

6

No. 36349-0-III
*Brown v. ProTech Auto, Inc.*

If Ms. Brown had asked in writing and at oral argument that the trial court consider her verified complaint as equivalent to an affidavit, that issue, at least, would have been preserved. She did not ask. The issue was not preserved.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Korsmo, J.

7