

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| UMPQUA BANK, | ) | |
| | ) | No. 38653-8-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES A. GUNZEL, III, and | ) | UNPUBLISHED OPINION |
| GINELLE F. GUNZEL, husband and | ) | |
| wife, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Umpqua Bank appeals from a judgment for attorney fees entered by

the superior court after Umpqua dismissed its complaint against Charles and Ginelle

Gunzel for breach of contract and fraudulent transfer.[1]  Simultaneous to filing its

complaint, Umpqua Bank filed a lis pendens associated with the fraudulent transfer claim

against property in Ginelle's name.  The contract in question provided for attorney fees

and contained a choice of law provisions, applying Oregon law to any disputes.

Following voluntary dismissal of the complaint and lis pendens, Charles was granted his

attorney fees under the contract and RCW 4.28.328.

---

[1] To avoid confusion, this opinion refers to Charles and Ginelle Gunzel by their
first names.

Umpqua Bank appeals the award, arguing that the superior court erred in applying Oregon substantive law to find that Charles was a prevailing party and Washington procedural law in determining that Charles's request for fees was timely. Umpqua Bank also challenges the award of fees for the fraudulent transfer claim and associated lis pendens. Charles requests his attorney fees on appeal. We affirm the superior court's award of attorney fees. We grant Charles' request for fees on appeal associated with the breach of contract claim but exercise our discretion to deny attorney fees on appeal associated with the lis pendens claim.

## BACKGROUND

In a separate lawsuit initiated in 2019, Umpqua Bank brought an action against Charles and Ginelle Gunzel, as husband and wife, to enforce a personal guaranty executed by Charles for his company, Cornerstone Building Co. The superior court determined that the Gunzel marital community and Ginelle individually were not properly a part of the action because the contract predated the marriage. The contract at issue contained a provision regarding the governing law:

> This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Oregon without regard to its conflicts of law provisions.

Clerk's Papers (CP) at 245. The contract also contained a provision providing for an award of attorney fees and costs to Umpqua Bank related to litigation of the contract. This included fees and costs related to "any and all appeals." CP at 245.

2

In the summer of 2019, while the original action was still pending, the attorneys for each party discussed settlement, including Charles' solvency and the property he owned. When Umpqua Bank indicated that Charles had recently sold or transferred property on Nottingham Drive (Nottingham Property), Charles' attorney indicated that the property was Ginelle's separate property from a prior divorce and provided a title history on the property.

Meanwhile, both parties filed motions for summary judgment, and the superior court granted Umpqua Bank's motion in January 2020, determining that the personal guaranty was enforceable against Charles. *Umpqua Bank v. Gunzel*, 16 Wn. App. 2d 795, 800-01, 483 P.3d 796 (2021). Umpqua Bank subsequently recorded a judgment against the Gunzels' real property.

Charles appealed from summary judgment, and ultimately this court determined that Umpqua Bank's claim failed on statute of limitations grounds. *Id.* at 816. Accordingly, this court reversed and remanded for the superior court to grant summary judgment in favor of the Gunzels. *Id.*

In February 2021, while the appeal in the original action was still pending, Umpqua Bank brought a separate action against Charles and Ginelle Gunzel for fraudulent transfer and breach of contract. Umpqua Bank alleged that Charles had fraudulently conveyed real property on Nottingham Drive (Nottingham Property) that had been solely in his name to his wife, Ginelle, and by doing so, Charles breached his

contract with Umpqua Bank. At the same time, Umpqua Bank filed a lis pendens against the Nottingham Property that it alleged had been fraudulently conveyed.

In March 2021, shortly after Umpqua Bank filed its second complaint, this court issued its opinion in the appeal from the first action. *See Gunzel*, 16 Wn. App. 2d 795. Umpqua Bank informed Charles' counsel that, based on the opinion, it was not necessary for him to file an answer because the action may be dismissed. Charles' attorney again pointed out to Umpqua Bank's attorney that its allegations concerning title of the Nottingham Property were inaccurate, outlining its title history to demonstrate that the property was Ginelle's separate property.

In September 2021, because Umpqua Bank had not dismissed the action, Charles filed a motion for summary judgment. The following month, on October 8, the parties agreed to, and the superior court entered, a stipulated order for a voluntary dismissal, without prejudice, of Umpqua Bank's complaint.

Charles then filed a motion for recovery of costs and attorney fees on October 18. He argued he was entitled to attorney fees for claims arising from the breach of contract claim because Oregon law applied to claims arising out of the contract and he was the prevailing party under Oregon law. He also argued he was entitled to fees related to the claim for fraudulent transfer and the associated lis pendens under RCW 4.28.328 because Umpqua Bank was not substantially justified in filing the lis pendens.

4

In response, Umpqua Bank maintained that Oregon law did not apply to the breach of contract claim and there was no entitlement to fees under RCW 4.28.328 because Charles was not the prevailing party and Umpqua Bank was substantially justified in filing the lis pendens.

The superior court held a hearing on Charles's motion. Counsel for Umpqua Bank did not attend the hearing. The superior court granted Charles' request for attorney fees, finding he was entitled to fees for the breach of contract claim as the prevailing party under Oregon law and he was entitled to fees for the fraudulent conveyance and lis pendens, as Umpqua Bank was not substantially justified in recording the lis pendens.

Umpqua Bank appeals.

ANALYSIS

1.  ATTORNEY FEES FOR BREACH OF CONTRACT CLAIM

The first question we address is whether the superior court erred in applying Oregon law to Charles's request for attorney fees as the prevailing party in Umpqua Bank's claim for breach of contract. Umpqua Bank maintains that the trial court should have applied Washington law and contends that under Washington law, Charles was not the prevailing party and therefore was not entitled to attorney fees. We disagree.

Choice of law is a question of law this court reviews de novo. *Shanghai Commercial Bank Ltd. v. Kung Da Chang*, 189 Wn.2d 474, 479, 404 P.3d 62 (2017). Resolving a choice of law dispute such as this one, where a contract contains a provision

5

designating the parties' choice of law, requires this court to determine (1) whether an actual conflict of law exists, and if so, (2) whether the choice of law provision in the contract is effective. *Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676, 692, 167 P.3d 1112 (2007).

"'When parties dispute choice of law, there must be an actual conflict between the laws or interests of Washington and the laws or interests of another state before Washington courts will engage in a conflict of laws analysis.'" *Id.* (quoting *Seizer v. Sessions*, 132 Wn.2d 642, 648, 940 P.2d 261 (1997)). Where the result of an issue is different depending on which state's law is applied, there is an actual conflict. *Id.*

The contract at issue contains a provision that awards Umpqua Bank costs and attorney fees incurred in connection with enforcement of the contract. Under Oregon law, a unilateral provision such as this is interpreted to provide bilateral enforcement, meaning that attorney fees and costs will be awarded to "the party that prevails on the claim," whether that be Umpqua Bank or Charles Gunzel. Oregon Revised Statute (ORS) 20.096.

Additionally, Oregon law defines a dismissed party as a prevailing party absent "circumstances [that] support[ ] a finding to the contrary." *Goodsell v. Eagle-Air Estates Homeowner Ass'n*, 280 Or. App. 593, 604, 383 P.3d 365 (2016). Notably, in Oregon, the question of attorney fees is a question of substantive law. *Seattle-First Nat'l Bank v. Schriber*, 51 Or. App. 441, 447-48, 625 P.2d 1370 (1981). Attorney fees awarded

6

pursuant to ORS 20.096 "are not merely costs incidental to judicial administration, awarding them is a matter of substantive, rather than procedural, right." *Schriber*, 51 Or. App. at 448. Because Charles was a dismissed party here, he would be entitled to attorney fees under Oregon law.

Similarly, under Washington law, the provision providing for an award of attorney fees is interpreted to provide attorney fees and costs to "the prevailing party, whether he or she is the party specified in the contract . . . or not." RCW 4.84.330. However, this statute defines "prevailing party" as "the party in whose favor *final* judgment is rendered." RCW 4.84.330 (emphasis added). And the Washington Supreme Court has clearly stated that a voluntary dismissal is not a final judgment under this statute. *Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 492, 200 P.3d 683 (2009). Because the parties entered into a voluntary dismissal here, Charles would not be entitled to attorney fees under Washington law.

Because the outcome differs depending on whether Oregon or Washington law applies, there is an actual conflict. Because there is an actual conflict, we examine whether the contract provision is effective.

Where parties have included a choice of law provision in their contract, a determination of whether the provision is effective is governed by section 187 of the *Restatement (Second) of Conflict of Laws* (Am. Law Inst. 1971). *Shanghai Commercial Bank Ltd.*, 189 Wn.2d at 482-83. Section 187 states in relevant part:

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

RESTATEMENT.

The issue in Umpqua Bank's claim, whether Charles breached his contractual obligation by allegedly transferring his property to Ginelle, is one that could have been resolved by including an explicit provision in the contract. In fact, the contract does contain a provision related to such an issue: "Guarantor has not and will not, without prior written consent of Lender, sell, lease, assign, encumber, hypothecate, transfer or otherwise dispose of all or substantially all of Guarantor's assets, or any interest therein." Assuming that the property was in fact Charles', the contract could have contained a provision that was simply a broader version of the one already included and prevented Charles from transferring any of his real property assets without prior written consent of the lender. Because a specific contractual provision could have resolved the breach of contract issue, this court should determine that the choice of law provision is effective and Oregon law applies.

Umpqua Bank claims that this court should apply the most significant relationship test to determine the choice of law. However, the most significant relationship test is applied to resolve contractual choice of law issues where the parties failed to make an express choice of law. *Shanghai Commercial Bank Ltd.*, 189 Wn.2d at 482. Here, the

parties clearly have included a choice of law provision in the contract designating Oregon law as the governing law. Accordingly, this court should determine that the most significant relationship test does not apply.

There is an actual conflict between Oregon and Washington law. Additionally, the choice of law provision contained in the contract is effective, and the question of an award of attorney fees is a question of substantive law. Thus, Oregon law should apply to determine whether Charles was entitled to his attorney fees. Under Oregon law, as a dismissed party, Charles is deemed to have prevailed. Therefore, the trial court correctly concluded that Charles is entitled to attorney fees under the contract.

Umpqua Bank also argues that, if Oregon law does apply, under the Oregon Rule of Civil Procedure (ORCP) 68C(2), Charles was required to plead or bring a motion regarding his right to attorney fees "as soon as possible."[2] Br. of Appellant at 37.

---

[2] Specifically, the rule states:

> C(2)(a) **Alleging right to attorney fees.** A party seeking attorney fees shall allege the facts, statute, or rule that provides a basis for the award of fees in a pleading filed by that party. Attorney fees may be sought before the substantive right to recover fees accrues. No attorney fees shall be awarded unless a right to recover fees is alleged as provided in this paragraph or in paragraph C(2)(b) of this rule.
> C(2)(b) **Alternatives.** If a party does not file a pleading but instead files a motion or a response to a motion, a right to attorney fees shall be alleged in the party's motion or response, in similar form to the allegations required in a pleading.

ORCP 68.

9

Umpqua Bank claims that his failure to do so prevents him from subsequently requesting attorney fees under Oregon law. Because this rule is procedural instead of substantive, we apply Washington law.

Even where a contract contains a choice of law provision "[a] court usually applies its own local law rules prescribing how litigation shall be conducted." *Boudreaux v. Weyerhaeuser Co.*, 10 Wn. App. 2d 289, 313 n.14, 448 P.3d 121 (2019) (quoting RESTATEMENT, *supra*, § 122). Thus, even in cases where this court applies the substantive law of another jurisdiction, Washington procedural law still applies to issues concerning how the litigation is conducted. *Id.*. Notably, Oregon also follows this rule. *Seattle-First Nat'l Bank*, 51 Or. App. at 446.

Rules and regulations regarding *how* litigation should be conducted are procedural. *See In re Marriage of Ulm*, 39 Wn. App. 342, 345, 693 P.2d 181 (1984) (statute of limitations is procedural); *Smith v. Am. Mail Line, Ltd.*, 58 Wn.2d 361, 366, 363 P.2d 133 (1961) (Washington rule determining standard for deciding motion for new trial is procedural). A rule regarding when to bring a claim for attorney fees isprocedural because it governs the "how" of the proceeding and not the substance of the right. Umpqua Bank cites to no authority that would support this court determining otherwise.

Under Washington law, Charles' motion for attorney fees was timely. The applicable rule requires that a claim for attorney fees shall be made by motion "filed no later than 10 days after entry of judgment." CR 54(d)(2). "A judgment is the final

determination of the rights of the parties in the action and includes any decree and order from which an appeal lies.  A judgment shall be in writing and signed by the judge and filed forthwith as provided in rule 58."  CR 54(a)(1).

Here, the order granting dismissal was filed on October 8.  The dismissal constituted a judgment because it was the final determination of the rights of the parties related to the action.  Gunzel filed his motion for fees on October 18, ten days after the dismissal.[3]

The superior court did not err in awarding Charles his attorney fees for the breach of contract claim.

2.    ATTORNEY FEES FOR FRAUDULENT CONVEYANCE AND LIS PENDENS CLAIM

The next issue we address is whether the superior court erred in granting Charles' request for attorney fees incurred to defend against the fraudulent transfer claim and associated lis pendens.  Umpqua Bank claims that Charles was not entitled to fees because he did not prevail in his defense of the action and Umpqua Bank was substantially justified in filing the lis pendens.  Again, we disagree.

---

[3] Umpqua Bank argues, for the first time on appeal, that Oregon law cannot apply because under the doctrine of res judicata Charles is estopped from denying liability and Charles is not entitled to attorney fees under the contract because Umpqua Bank did not actually bring a claim for breach of contract.  We decline to address these issues as they are raised for the first time on appeal.  *See* RAP 2.5(a).

Whether there is a legal basis to award attorney fees is a question of law that is reviewed de novo. *Gander v. Yeager*, 167 Wn. App. 638, 646, 282 P.3d 1100 (2012).

In Washington, claimants who file a lis pendens may be liable for the opposing party's attorney fees under certain circumstances:

> (2) A claimant in an action not affecting the title to real property against which the lis pendens was filed is liable to an aggrieved party who prevails on a motion to cancel the lis pendens, for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens.
> (3) Unless the claimant establishes a substantial justification for filing the lis pendens, a claimant is liable to an aggrieved party *who prevails in defense of the action* in which the lis pendens was filed for actual damages caused by filing the lis pendens, and in the court's discretion, reasonable attorneys' fees and costs incurred in defending the action.

RCW 4.28.328 (emphasis added). "Aggrieved party" includes "a person against whom the claimant asserted the cause of action in which the lis pendens was filed." RCW 4.28.328(1)(c).

Under the lis pendens statute, RCW 4.28.328, "Damages and fees are appropriate where the claimants provide no evidence of a legal right to the property. But where the claimants have a reasonable, good faith basis in fact or law for believing they have an interest in the property, a lis pendens is substantially justified." *South Kitsap Family Worship Ctr. v. Weir*, 135 Wn. App. 900, 912, 146 P.3d 935 (2006) (citation omitted).

Umpqua Bank argues that Charles neither prevailed on a motion to cancel the lis pendens nor prevailed in defense of the lis pendens filing. Moreover, Umpqua Bank claims that there has been no showing that it was not substantially justified in filing the lis pendens. Thus, Umpqua Bank claims that the superior court erred in awarding attorney fees to Charles. Charles does not argue that he prevailed on a motion to cancel the lis pendens; instead, he only claims that he prevailed in his defense of the action and Umpqua Bank was not substantially justified in filing the lis pendens. Accordingly, RCW 4.28.328(3) is the only applicable portion of the statute.

The statute does not define the term "prevails." "'[I]n the absence of a statutory definition this court will give the term its plain and ordinary meaning.'" *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002). Here, the result of this case was that Umpqua Bank agreed to dismiss its complaint without prejudice. This included a dismissal of the fraudulent conveyance claim and the associated lis pendens. Umpqua Bank's argument that it is not liable because it voluntarily dismissed the claim and released the lis pendens is unpersuasive. Charles was an aggrieved party, and he prevailed in defense of the fraudulent conveyance claim brought by Umpqua Bank. At the time Umpqua Bank's action was dismissed, Charles had a pending motion for summary judgment and to cancel the lis pendens.

Umpqua Bank also appears to argue, without citing to any legal authority, that Charles could not have succeeded in his defense because he never answered Umpqua

13

Bank's complaint and the only action Charles took was filing a motion for summary judgment along with a motion to cancel the lis pendens. The superior court never considered these motions because Umpqua Bank dismissed the action prior to any hearing on the motions. But Charles did prevail when Umpqua Bank released its claim to the property. Moreover, this argument ignores the fact that attorney fees were incurred in defending the action, including communications, research, and drafting the motion. The amount of work that goes into a case is rarely reflected only in the pleadings filed. Indeed, the record before this court contains correspondence between the attorneys in this case discussing possible resolution of the issues on multiple occasions. Charles did not need to file an answer or win a motion to prevail.

Umpqua Bank next claims that attorney fees were improper because it was substantially justified in filing the lis pendens. It claims that it was substantially justified because Charles transferred the property to Ginelle during the pendency of the prior litigation where Umpqua Bank had prevailed in superior court. However, this claim ignores the fact that Charles produced documents demonstrating that the property was, and remains, the separate property of Ginelle whom the superior court determined was not liable for the underlying contract. Umpqua Bank does not dispute the fact that it was notified in July 2019, prior to bringing this action, that the property in question belonged

14

to Ginelle.  It also does not deny that it was reminded of this in March 2021 after the filing of the lis pendens.[4]

As Ginelle's separate property, the property in question was not subject to Charles' debts or contracts.  *See* RCW 26.16.010 ("Property and pecuniary rights owned by a spouse before marriage . . . shall not be subject to the debts or contracts of his or her spouse.").  Because Umpqua Bank knew the nature of the property and the title history, it had no reasonable, good faith basis for believing it had an interest in the property.[5] Accordingly, it was not substantially justified in filing the lis pendens.

The superior court did not err in granting Charles his attorney fees related to the fraudulent transfer claim and associated lis pendens.

---

[4] Although Umpqua Bank does state that the property belonged to Charles, it relies solely on its complaint to support this claim.  Because its complaint was not verified, it is not evidence.  *See Carlson v. Milbrad*, 68 Wn.2d 847, 849, 415 P.2d 1020 (1966).

[5] Umpqua Bank argues, for the first time in its reply brief and without citation to legal authority, that the Uniform Fraudulent Transfer Act, ch. 19.40 RCW, does not permit Charles to recover attorney fees.  We decline to address this issue raised for the first time in a reply brief and without legal authority.  *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."); RAP 10.3(c); *Regan v. McLachlan*, 163 Wn. App. 171, 178, 257 P.3d 1122 (2011) ("We will not address issues raised without proper citation to legal authority.").

3.    ATTORNEY FEES ON APPEAL

Finally, we address whether Charles should be granted his attorney fees on appeal. We grant Charles' request for fees related to the breach of contract claim but determine that he is not entitled to attorney fees related to the fraudulent conveyance claim.[6]

Under RAP 18.1, a party may recover their attorney fees or costs on appeal where applicable law permits.

Charles requests that he be awarded fees under the breach of contract claim. The attorney fee provision in the contract at issue specifically states that it covers attorney fees and costs on appeal as well as at the trial court level. Moreover, "when a contract provides for an attorney fee award in the trial court, the party prevailing before this court may seek reasonable attorney fees incurred on appeal." *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 717-18, 334 P.3d 116 (2014). Since Charles prevailed on his claim related to breach of contract on appeal, he should also be awarded his attorney fees on appeal so long as he complies with RAP 18.1(d).

Charles also requests attorney fees and costs under "reasonable attorneys' fees and costs incurred in defending the action." RCW 4.28.328(3).

We exercise our discretion and decline to award Charles his fees pertaining to this claim. *See 134th Street Lofts, LLC v. iCap Nw. Opportunity Fund, LLC*, 15 Wn. App. 2d

---

[6] Neither party addresses whether Oregon law should apply to any part of Charles's request for attorney fees on appeal.

16

No. 38653-8-III
*Umpqua Bank v. Gunzel, et al*


549, 567, 479 P.3d 367 (2020) (denying request for attorney fees under RCW 4.28.328(2) when award of attorney fees for cancelling lis pendens was the only issue on appeal).

We affirm the superior court's judgment for attorney fees and award Charles his costs and attorney fees related to defending the breach of contract claim on appeal, provided he complies with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.


WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.